# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

FRANCESCA MONETTI,
derivatively on behalf of
M.C. INT'L. FREIGHT FORWARDERS,
INC.,
    Plaintiff,

vs.

SARAH MONETTI,
YVETTE ZORRILLA, and
YVZO INC.,
    Defendants,

M.C. INT'L. FREIGHT FORWARDERS,
INC.,
    Nominal Defendant.
_____/

CASE NO.:   1:23cv21789

## <u>VERIFIED COMPLAINT</u>

**Montesino Law**
*Attorney for Plaintiff*
5201 Blue Lagoon Drive, Ste 800
Miami, FL 33126
Telephone: (305) 900-6529

## TABLE OF CONTENTS

**VERIFIED COMPLAINT** ................................................................................................... i

**TABLE OF CONTENTS** ................................................................................................. ii

**INTRODUCTION** ........................................................................................................... 1

**JURISDICTION AND VENUE** ...................................................................................... 1

**PARTIES** ......................................................................................................................... 2

**FACTUAL BACKGROUND** ......................................................................................... 3

    MCIFF AND THE YVZO SCHEME ...................................................................... 4

    YVETTE ZORRILLA'S NO-SHOW/NO-WORK EMPLOYMENT BY MCIFF ...................... 4

    SARAH MONETTI CLAIMS A FORGED PROXY AND SENDS FALSIFIED CORPORATE MINUTES IN
    SUPPORT OF RETALIATION AND OVERPAYMENT ......................................................... 5

**CAUSES OF ACTION** ................................................................................................... 7

    FACTUAL ALLEGATIONS COMMON TO ALL FEDERAL RICO COUNTS .................... 7

    FACTUAL ALLEGATIONS COMMON TO ALL STATE RICO COUNTS ........................ 10

    COUNT I VIOLATION OF 18 U.S.C. § 1962(A) (AGAINST SARAH MONETTI AND ZORRILLA) 11

    COUNT II VIOLATION OF 18 U.S.C. § 1962(B) (AGAINST SARAH MONETTI AND ZORRILLA)
    ......................................................................................................................... 12

    COUNT III VIOLATION OF 18 U.S.C. § 1962(C) (AGAINST SARAH MONETTI AND ZORRILLA)
    ......................................................................................................................... 13

    COUNT IV VIOLATION OF 18 U.S.C. § 1962(D) (AGAINST ALL DEFENDANTS) .................... 14

    COUNT V CIVIL THEFT IN VIOLATION OF SECTION 772.11, FLORIDA STATUTES
    (AGAINST YVZO) ........................................................................................... 16

    COUNT VI CIVIL THEFT IN VIOLATION OF SECTION 772.11, FLORIDA STATUTES
    (AGAINST SARAH MONETTI) ........................................................................ 17

    COUNT VII CIVIL THEFT IN VIOLATION OF SECTION 772.11, FLORIDA STATUTES
    (AGAINST ZORRILLA) .................................................................................... 18

    COUNT VIII VIOLATION OF SECTION 772.103(1), FLORIDA STATUTES (2022)
    (AGAINST ALL DEFENDANTS) ..................................................................... 19

    COUNT IX VIOLATION OF SECTION 772.103(2), FLORIDA STATUTES (2022) (AGAINST
    ALL DEFENDANTS) ........................................................................................ 20

    COUNT X VIOLATION OF SECTION 772.103(3), FLORIDA STATUTES (2022) (AGAINST
    ALL DEFENDANTS) ........................................................................................ 21

    COUNT XI VIOLATION OF SECTION 772.103(4), FLORIDA STATUTES (2022) (AGAINST
    ALL DEFENDANTS) ........................................................................................ 21

    COUNT XII BREACH OF FIDUCIARY DUTY (AGAINST SARAH MONETTI) ...................... 23

    COUNT XIII AIDING AND ABETTING BREACH OF FIDUCIARY DUTY (AGAINST
    ZORRILLA) ...................................................................................................... 24

    COUNT XIV CONSPIRACY (AGAINST ALL DEFENDANTS) .................................. 24

**DAMAGES** ................................................................................................................... 25

**VERIFICATION** .......................................................................................................... 27

The Plaintiff, Francesca Monetti, derivatively on behalf of M.C. Int'l. Freight Forwarders, Inc. ("MCIFF"), hereby sues the Defendants, Sarah Monetti, Yvette Zorrilla ("Zorrilla"), YvZo Inc. ("YvZo"), and Nominal Defendant M.C. Int'l. Freight Forwarders, Inc., and in support alleges:

## INTRODUCTION

1.      This is a derivative action for damages by an individual shareholder of MCIFF for the Defendants' conduct, including a conspiratorial contract between Defendants and MCIFF for exorbitant costs using a sham corporation formed in order to embezzle funds of MCIFF, for using no-show/no-work employment as an additional ruse to conceal the embezzlement of funds of MCIFF, for embezzling funds through unauthorized increases in salary, and for forging documents and fabricating business records to conceal the fraudulent nature of the foregoing.

2.      Plaintiff alleges violations of the federal Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1962. Plaintiff also alleges that Defendants committed state law violations of Florida's Civil Remedies for Criminal Practices Act, Chapter 772, Florida Statutes (2022); and for common law torts of conspiracy, breach of fiduciary duty, and aiding and abetting breach of fiduciary duty. Plaintiff seeks compensatory relief, statutory damages, and costs, including attorney's fees.

## JURISDICTION AND VENUE

3.      This action arises under the provisions of 18 U.S.C. § 1962, under Florida statutes, and under the common law. This Court has jurisdiction of this action pursuant to the provisions of 28 U.S.C. § 1331, and supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

4.      All incidents material to this action occurred in Miami-Dade County, Florida; Defendant YvZo has its principal place of business in Miami-Dade County, Florida; Nominal Defendant MCIFF has its principal place of business in Miami-Dade County, Florida; and Defendants Sarah

Monetti and Zorrilla reside in the State of Florida. Under 28 U.S.C. § 1391(b)(2), venue lies in the United States District Court for the Southern District of Florida, Miami Division, because it is the judicial district and division in which a substantial part of the acts or omissions giving rise to the claims occurred. Under 28 U.S.C. § 1391(b)(1), venue lies in the United States District Court for the Southern District of Florida, Miami Division, because it is the judicial district and division in which a Defendant resides, and all Defendants reside in the State of Florida.

5.      With respect to the supplemental claims brought pursuant to Section 772.11, Florida Statutes (2022), Plaintiff timely served the required civil theft demand letters upon Defendants no later than March 15, 2023, and has provided Defendants the required amount of time to resolve the claim.

## **PARTIES**

6.      Plaintiff, Francesca Monetti, was an adult resident of the State of Florida and a shareholder of MCIFF at all times relevant to this Complaint and a shareholder of MCIFF.

7.      Plaintiff and Nominal Defendant, MCIFF, is a Florida profit corporation and, at all times relevant to this complaint, had its principal place of business in Miami-Dade County, Florida.

8.      Defendant, Sarah Monetti, was at all times relevant to this Complaint a resident of the State of Florida.

9.      Defendant, Yvette Zorrilla, was at all times relevant to this Complaint a resident of the State of Florida.

10.     Defendant, YvZo, is a Florida profit corporation and, at all times relevant to this complaint, had its principal place of business in the State of Florida.

11.     The incidents which give rise to these causes of action occurred within this jurisdiction and within the applicable statute of limitations, and this Honorable Court has jurisdiction.

## FACTUAL BACKGROUND

12.     MCIFF was incorporated in 2007 by Francesco Monetti ("Mr. Monetti"), who is the father of both Francesca Monetti and Sarah Monetti. MCIFF has provided freight forwarding services in the Port of Miami since then.

13.     By way of background, a freight forwarder provides services that liaise between the shipping industry and customers needing to ship cargoes through the port in an area.

14.     On or about January 1, 2016, Mr. Monetti transferred his ownership interest in MCIFF to his daughters, Francesca Monetti and Sarah Monetti, who each presently hold 50% of the shares of MCIFF.

15.     Sarah Monetti runs and has run the day-to-day operations of MCIFF for many years. She is responsible for all the routine operational decisions of MCIFF for which she has authority to act.

16.     Because the wrongful actions complained of herein were committed by Sarah Monetti for the benefit of herself and her coconspirators, Sarah Monetti has a personal and financial interest in preventing this suit.

17.     Sarah Monetti is, therefore, not in a disinterested and independent position to make an impartial consideration of MCIFF's claims in this case.

18.     Consequently, and because Sarah Monetti is the President and CEO of MCIFF as well as a co-equal shareholder of MCIFF, it would be futile to make a demand upon MCIFF to institute this action directly.

19.     Further evidencing the futility of a demand is that there have been extensive communications with counsel for Sarah Monetti.

20.     Moreover, there have been multiple demand letters to Sarah Monetti.

21.     As a result of the foregoing discussions and interactions, Sarah Monetti responded by terminating all payments by MCIFF to Francesca Monetti, rather than launching an investigation

into the misconduct of Sarah Monetti, thereby further evidencing the futility of such a pre-suit demand.

**MCIFF and the YvZo Scheme**

22.    In June 2018, Zorrilla formed a corporation called YvZo Inc.[1]

23.    The address listed for YvZo is 2409 Centergate Dr., Unit 204, Miramar, FL 33025.

24.    The above-described real property is owned by Defendant Sarah Monetti, and is subject to a homestead exemption, indicating that said property is Sarah Monetti's primary residential address.

25.    On information and belief, Zorrilla resides at the above address as well.

26.    On information and belief, Sarah Monetti and Zorrilla formed YvZo together with the purpose of using YvZo in order to conceal the embezzlement of MCIFF funds to Sarah Monetti and Zorrilla through a scheme involving equipment rental contracts at exorbitant rates.

27.    Beginning in or about June 2018, the same month that YvZo was formed, MCIFF began to pay YvZo funds for warehouse equipment rentals, many substantially in advance, and at exorbitant rates—rates much higher than MCIFF would have paid in an arm's-length transaction.

28.    As of December 1, 2021, MCIFF had paid YvZo $286,225.20.

29.    It is not known at present whether and how much MCIFF has paid YvZo since December 1, 2021.

**Yvette Zorrilla's No-Show/No-Work Employment by MCIFF**

30.    In or about August 2021, Sarah Monetti caused MCIFF to employ Zorrilla as an office administrator.

---

[1] It is believed that the name "YvZo" was chosen by compounding the first two letters of Yvette Zorrilla's first and last names.

31.     Pursuant to the employment agreement and code of conduct Zorrilla signed when she was hired by MCIFF, she was not permitted to hold outside employment, was prohibited from working with MCIFF's competitors and clients, was required to keep work hours and attendance at MCIFF's offices on weekdays between the hours of 8:30 a.m. through 5:00 p.m.

32.     On information and belief, at all times relevant to this Complaint, Zorrilla has had and has maintained full-time employment with another logistics company operating in the Port of Miami, Company A.[2]

33.     On information and belief Zorrilla was prohibited by Company A from holding outside employment.

34.     Zorrilla has never actually done work for MCIFF, but has collected substantial amounts in salary from MCIFF, making her employment "no-show" or "no-work."

35.     By way of background, the terms "no-show employment" and "no-work employment" refer to a form of payroll fraud in which an employee—who may be a real person or a fictional person—is paid despite not presenting himself to the workplace to do work, or who does no work, respectively.

36.     In 2021 and 2022, through the no-show employment of Zorrilla, MCIFF spent approximately $27,407.60 in gross.

37.     It is not presently known whether Zorrilla is still being paid as an employee of MCIFF.

**Sarah Monetti Claims a Forged Proxy and Sends Falsified Corporate Minutes in Support of Retaliation and Overpayment**

38.     Via letter dated January 13, 2023, Sarah Monetti claimed that Francesca Monetti had authorized their father, Mr. Monetti, to vote on Francesca Monetti's behalf at a shareholder meeting

---

[2] "Company A" is a pseudonym chosen to avoid the implication that Company A was complicit in any way with the wrongdoing of Defendants, and which company is believed to do business with MCIFF.

allegedly held on or about March 9, 2017. A copy of this letter is attached hereto and expressly made a part hereof as **Exhibit "A."**

39.     In an attachment to the above letter, Sarah Monetti included alleged minutes to the aforementioned shareholder meeting. The following text appears in pertinent part:

> Francesca M. Monetti will not actively participate in the Corporation until further notice.
> Francesca M. Monetti will receive compensation as W-2 (Salary) from the Corporation beginning on pay date 03/31/2017 in the amount of USD $1,440.00 (before any deductions) and each pay date thereafter if sufficent funds are available. Sarah Monetti, while actively participating in the Corporation, will receive compensation as W-2 (Salary) from the Corporation beginning on pay date 03/31/2017 in the amount of USD $10,384.62 (before any deductions) and each pay date thereafter if sufficent funds are available.

40.     In the above letter Sarah Monetti stated that MCIFF would cease all salary payments to Francesca Monetti "effective immediately," claiming that the Stockholder's Agreement requires Francesca Monetti to be "working for the Company," and that Francesca Monetti has "failed to do" so.

41.     Francesca Monetti never signed the alleged proxy, and Sarah Monetti has never furnished a copy of the alleged proxy.

42.     On information and belief, no shareholder meeting was in fact held at or about the time claimed.

43.     On information and belief, the minutes attached to the letter were falsified by Sarah Monetti and backdated in order to provide an excuse for discontinuing MCIFF's payments to Francesca Monetti, and to justify Sarah Monetti's unauthorized, fraudulent increases in her own salary.

44.     Francesca Monetti never authorized Sarah Monetti to draw a salary of $270,000.00 per year in 2017, or at any other point.

45.     Sarah Monetti gave herself additional pay increases in, at least, 2020, 2021, and 2022.

46.     Francesca Monetti never authorized any of the aforementioned pay increases.

47.    Sarah Monetti was not authorized to increase her own salary without the authorization of Francesca Monetti, or without giving an equal increase in salary to Francesca Monetti.

48.    Sarah Monetti has embezzled, at least, $1,315,455.02, from March 31, 2017 through and including December 31, 2022, as calculated by subtracting Francesca Monetti's gross pay for these periods from Sarah Monetti's gross pay for these periods.

## CAUSES OF ACTION

## FACTUAL ALLEGATIONS COMMON TO ALL FEDERAL RICO COUNTS

49.    Sarah Monetti is a person capable of holding a legal or beneficial interest in property.

50.    Zorrilla is a person capable of holding a legal or beneficial interest in property.

51.    YvZo is an entity capable of holding a legal or beneficial interest in property.

52.    MCIFF is an "enterprise" as defined by 18 U.S.C. § 1961, and affected interstate and foreign commerce. Specifically, MCIFF facilitates the transportation of cargoes in interstate and foreign commerce through the Port of Miami.

53.    YvZo is an "enterprise" as defined by 18 U.S.C. § 1961, and affected interstate and foreign commerce. Specifically, YvZo deals in equipment rentals to MCIFF, which used said equipment for the handling and warehousing of cargoes that will move through the Port of Miami.

54.    Sarah Monetti, Zorrilla, and YvZo are an association in fact constituting an "enterprise" as defined by 18 U.S.C. § 1961, and affected interstate and foreign commerce. Specifically, the association in fact took funds belonging to MCIFF, which is a business that facilitates the transportation of cargoes in interstate and foreign commerce through the Port of Miami.

55.    18 U.S.C. § 1343 provides, in pertinent part:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, or sounds for the purpose of executing such scheme or

artifice, shall be fined under this title or imprisoned not more than 20 years, or both. . . .

56.     Defendants devised three schemes or artifices to defraud, or to obtain money or property of MCIFF by false or fraudulent pretenses, representations, or promises (the "<u>First Scheme</u>," "<u>Second Scheme</u>," and "<u>Third Scheme</u>," respectively), and caused transmissions by means of wire in interstate commerce writings for the purpose of executing the schemes.

57.     The First Scheme was to give Sarah Monetti unauthorized increases in pay by creating false corporate records and transmitting such to Plaintiff in order to prevent MCIFF or its shareholders from protecting their respective interests.

58.     The Second Scheme was to conceal payments to Sarah Monetti and Zorrilla through equipment rental contracts to YvZo, a company established by Sarah Monetti and Zorrilla for the purpose of obtaining the funds of MCIFF.

59.     The Third Scheme or artifice was to conceal payments to Sarah Monetti and Zorrilla through no-show/no-work employment given to Zorrilla, for the purpose of obtaining the funds of MCIFF.

60.     The following violations of 13 U.S.C. § 1343, which were related and continuous, were made in furtherance of one or more of the above schemes to defraud MCIFF:

       a.       On or about January 13, 2023, Sarah Monetti caused to be transmitted in interstate commerce the above-described letter stopping payments to Francesca Monetti on the grounds of falsified, backdated corporate minutes which were attached to said letter. Sarah Monetti sent this letter in furtherance of all three schemes in order to both frame her salary as duly authorized, and to impede and impair Francesca Monetti's financial ability to contest the disputes related to all three schemes.

8

b.      From at least March 31, 2017 through December 31, 2022, and continuing to the present, every two weeks, Sarah Monetti caused to be issued deposits for payroll in amounts to which she was not entitled to receive, which deposits were transmissions in interstate commerce and made in furtherance of the First Scheme.

c.      All of the transactions described in **Exhibit "B"** occurred on the dates listed, and in the amounts listed therein, and involved wire transfers in interstate commerce of funds of MCIFF. Each payment was authorized by Sarah Monetti for the furtherance of the scheme described in the Second Scheme.

d.      All of the invoices in **Composite Exhibit "C"** were created by YvZo and transmitted to MCIFF in interstate commerce in order to solicit payments in furtherance of the Second Scheme.

e.      Each payment made by MCIFF to Zorrilla for payroll was for work that was not performed, and was induced by transmissions in interstate commerce by Zorrilla and Sarah Monetti in furtherance of the Third Scheme.

f.      On or about March 14, 2022, Sarah Monetti caused to be transmitted by wire employment documentation for Zorrilla for work that she knew had not been performed, and which transmission was in furtherance of the Third Scheme. The employment documentation was sent to counsel for Francesca Monetti.

61.    Defendants engaged in a pattern of racketeering consisting of the violations of 13 U.S.C. § 1343 alleged in the previous paragraph, which were related and continuous.

62.    Defendants' pattern of racketeering was continuous in that there is every indication that Sarah Monetti will continue to receive payment at a rate to which she is not entitled, and that YvZo and MCIFF will continue to illicitly deal in the warehouse equipment in the future.

63.     Alternatively, the aforementioned predicate acts were continuous in that the predicate acts took place over a multi-year period.

64.     The predicate acts described above are related insofar as the acts have the same or similar purposes, results, participants, victims, or methods of commission.

65.     The pattern of racketeering described above consists of at least two acts of racketeering activity, the last of which occurred within ten years after the commission of a prior act of racketeering activity.

**FACTUAL ALLEGATIONS COMMON TO ALL STATE RICO COUNTS**

66.     MCIFF is an "enterprise" as defined by Section 772.102(3), Florida Statutes (2022).

67.     YvZo is an "enterprise" as defined by Section 772.102(3), Florida Statutes.

68.     Sarah Monetti, Zorrilla, and YvZo are an association in fact constituting an "enterprise" as defined by Section 772.102(3), Florida Statutes.

69.     The pattern of criminal activity in which the Defendants engaged includes but is not limited to:

    a.     Embezzlement in violation of Chapter 812, Florida Statutes. § 772.102(1)(a)(20), Fla. Stat. (2022). Specifically, aforementioned schemes to divert MCIFF funds through YvZo—a corporation operating out of Sarah Monetti's residence—to divert funds through no-work/no-show employment of Zorrilla, and to divert funds through unauthorized pay raises to Monetti.

    b.     Fraudulent practices in violation of Chapter 817, Florida Statutes. § 772.102(1)(a)(22), Fla. Stat. (2022). Specifically: violations of the Florida Communications Fraud Act, § 817.034, Fla. Stat. (2022); and making false entries in the books of a business entity with intent to defraud in violation of § 817.15, Fla. Stat. (2022).

    c.     Conduct which is subject to indictment or information as a criminal offense and is listed in 18 U.S.C. § 1961(1)(A)–(D). § 772.102(1)(b), Fla. Stat. (2022). Specifically, wire fraud in violation of 18 U.S.C. § 1343, as described in Paragraph 60.

70.    The criminal activity described in the preceding paragraph constitutes a "pattern" for the purposes of Section 772.103, because the interrelated schemes took place, at least, from June 2018, the date the first payment to YvZo was made, through and including January 13, 2023, when Sarah Monetti uttered the false MCIFF record in support of her termination of Francesca Monetti's compensation by MCIFF.

### COUNT I
### VIOLATION OF 18 U.S.C. § 1962(a)
**(against Sarah Monetti and Zorrilla)**

71.    All allegations of paragraphs 1 through 65 are re-alleged in full and adopted herein.

72.    18 U.S.C. § 1962(a) provides, in pertinent part:

It shall be unlawful for any person who has received any income derived, directly or indirectly, from a pattern of racketeering activity . . . , to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce. . . .

73.    For the purposes of this Count, YvZo is pleaded as the "enterprise."

74.    For the purposes of this Count, the pattern of racketeering activity consists of the predicate acts alleged in connection with the Second Scheme—that is, the scheme to rent warehouse equipment to MCIFF at exorbitantly high rates.

75.    Sarah Monetti and Zorrilla used or invested, directly or indirectly, any part of the income derived from the pattern of racketeering activity described above, or the proceeds of such income, in the acquisition of an interest in or the establishment or the operation of YvZo.

76.    In total, Sarah Monetti and Zorrilla caused MCIFF to pay YvZo no less than $286,225.20, some portion of which was invested in YvZo as described above.

77.     Sarah Monetti and Zorrilla's activities described herein amount to a violation of 18 U.S.C. § 1962(a).

78.     For the purposes of this Count, MCIFF is a "person" that sustained injury to its business or property by reason of the above-described violation of § 1962(a). To wit, the investment of funds into the operation of YvZo directly and proximately caused Defendants to continue extracting funds from MCIFF.

79.     Plaintiff is entitled to treble damages under 18 U.S.C. § 1964(c).

**COUNT II**
**VIOLATION OF 18 U.S.C. § 1962(b)**
**(against Sarah Monetti and Zorrilla)**

80.     All allegations of paragraphs 1 through 65 are re-alleged in full and adopted herein.

81.     18 U.S.C. § 1962(b) provides, in pertinent part:

> It shall be unlawful for any person through a pattern of racketeering activity . . . to acquire or maintain, directly or indirectly, any interest in or control of any enterprise which is engaged in, or the activities of which affect, interstate or foreign commerce.

82.     For the purposes of this Count, MCIFF and YvZo are alternatively pleaded as the "enterprise."

83.     For the purposes of this Count, the pattern of racketeering activity consists of the predicate acts alleged in connection with all three schemes—that is, the scheme to conceal unauthorized payments to Sarah Monetti through pay increases, the scheme to rent warehouse equipment to MCIFF at exorbitantly high rates, and the scheme to pay Zorrilla for no-show/no-work employment.

84.     Sarah Monetti and Zorrilla engaged in the above-described pattern of racketeering activity to acquire or maintain, directly or indirectly, an interest in or control of an enterprise engaged in or affecting interstate or foreign commerce, whether YvZo or MCIFF.

85.     Sarah Monetti and Zorrilla's activities described herein amount to a violation of 18 U.S.C. § 1962(b).

86.     For the purposes of this Count, MCIFF is a "person" that sustained injury to its business or property by reason of the above-described violation of § 1962(b). To wit, the pattern of racketeering activity directly and proximately caused Sarah Monetti and Zorrilla to acquire or maintain an interest in either YvZo or MCIFF, which in turn enabled Defendants to continue extracting funds from MCIFF.

87.     In total, Sarah Monetti and Zorrilla caused MCIFF to expend no less than $1,629,087.82.

88.     Plaintiff is entitled to treble damages under 18 U.S.C. § 1964(c).

**COUNT III**
**VIOLATION OF 18 U.S.C. § 1962(c)**
**(against Sarah Monetti and Zorrilla)**

89.     All allegations of paragraphs 1 through 65 are re-alleged in full and adopted herein.

90.     18 U.S.C. § 1962(c) provides:

It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

91.     For the purposes of this Count, MCIFF and YvZo are alternatively pleaded as the "enterprise."

92.     For the purposes of this Count, the pattern of racketeering activity consists of the predicate acts alleged in connection with all three schemes—that is, the scheme to conceal unauthorized payments to Sarah Monetti through pay increases, the scheme to rent warehouse equipment to MCIFF at exorbitantly high rates, and the scheme to pay Zorrilla for no-show/no-work employment.

13

93.     Sarah Monetti and Zorrilla were employed by or associated with either YvZo or MCIFF, and conducted or participated in, directly or indirectly, the conduct of YvZo or MCIFF's affairs through the above-described pattern of racketeering activity.

94.     Sarah Monetti and Zorrilla's activities described herein amount to a violation of 18 U.S.C. § 1962(c).

95.     For the purposes of this Count, MCIFF is a "person" that sustained injury to its business or property by reason of the above-described violation of § 1962(c). To wit, Sarah Monetti and Zorrilla's conduct of the affairs of either YvZo or MCIFF through a pattern of racketeering activity directly and proximately the injuries to MCIFF.

96.     In total, Sarah Monetti and Zorrilla caused MCIFF to expend no less than $1,629,087.82.

97.     Plaintiff is entitled to treble damages under 18 U.S.C. § 1964(c).

## COUNT IV
## VIOLATION OF 18 U.S.C. § 1962(d)
### (against all Defendants)

98.     All allegations of paragraphs 1 through 65, and 71 through 97, are re-alleged in full and adopted herein.

99.     18 U.S.C. § 1962(d) provides:

> It shall be unlawful for any person to conspire to violate any of the provisions of subsection (a), (b), or (c) of this section.

100.    For the purposes of this Count, MCIFF and YvZo are alternatively pleaded as the "enterprise."

101.    For the purposes of this Count, the pattern of racketeering activity consists of the predicate acts alleged in connection with all three schemes—that is, the scheme to conceal unauthorized payments to Sarah Monetti through pay increases, the scheme to rent warehouse equipment to

MCIFF at exorbitantly high rates, and the scheme to pay Zorrilla for no-show/no-work employment.

102.    Defendants have conspired to violate 18 U.S.C. § 1962(a). To wit, they engaged in a pattern of racketeering activity by, among other things, inducing MCIFF into paying YvZo an exorbitant amount of money for warehouse equipment rentals that MCIFF would have obtained through other sources or purchased for substantially less money.

103.    Additionally or alternatively, Defendants have conspired to violate 18 U.S.C. § 1962(b). To wit, they conspired to engage in a pattern of racketeering activity which would result in the acquisition or maintenance, directly or indirectly, of any interest in or control of YvZo or MCIFF.

104.    Additionally or alternatively, Defendants have conspired to violate 18 U.S.C. § 1962(c). To wit, Sarah Monetti and Zorrilla, would be employed by or associated with YvZo or MCIFF, and would conduct or participate in the conduct of the enterprise's affairs through a pattern of racketeering activity.

105.    Zorrilla engaged in an overt act in pursuance of the conspiracy. To wit, she signed the paperwork to establish YvZo.

106.    Additionally or alternatively, Sarah Monetti engaged in an overt act in pursuance of the conspiracy. To wit, she signed a contract with and authorized payments to YvZo.

107.    Additionally or alternatively, Sarah Monetti engaged in an overt act in pursuance of the conspiracy. To wit, she cut off Francesca Monetti's payments in retaliation for disputing and attempting to expose the conspiracy.

108.    The activities described herein amount to a violation of 18 U.S.C. § 1962(d).

109.    For the purposes of this Count, MCIFF is a "person" that sustained injury to its business or property by reason of the above-described violation of § 1962(d). To wit, the above-described overt acts in furtherance of the conspiracy directly and proximately caused damages to MCIFF.

110.    In total, Defendants caused MCIFF to expend no less than $1,629,087.82.

111.    Plaintiff is entitled to treble damages under 18 U.S.C. § 1964(c).

<u>**COUNT V**</u>
<u>**CIVIL THEFT IN VIOLATION OF SECTION 772.11, FLORIDA STATUTES**</u>
**(against YvZo)**

112.    All allegations of paragraphs 1 through 65 are re-alleged in full and adopted herein.

113.    YvZo—a corporation operating out of Sarah Monetti's residence—has been complicit in the embezzlement of funds from MCIFF through Sarah Monetti.

114.    Between June 2018 and December 1, 2021, MCIFF paid $286,225.20 to YvZo as a result of the scheme it induced through its fraudulent actions. To wit, YvZo received funds embezzled by Sarah Monetti, ostensibly for the provision of equipment rental services, but in actuality in order to facilitate the embezzlement of MCIFF funds to Sarah Monetti and her coconspirator, Zorrilla.

115.    YvZo has committed theft, as defined in Section 812.014, Florida Statutes (2022), by knowingly obtaining the property ($286,225.20) of MCIFF with intent to, either temporarily or permanently, deprive MCIFF of a right to the property or a benefit from the property.

116.    On March 15, 2023, YvZo was served with a demand letter as a statutory prerequisite to a Civil Theft lawsuit under Section 772.11, Florida Statutes (2022). A true and correct copy of the demand letter is attached hereto and expressly made a part hereof as **Exhibit "D."**

117.    Greater than thirty days have elapsed since YvZo was served with the aforementioned demand letter, and no payments have been made by YvZo.

118.    Plaintiff has retained the services of the undersigned law firm to prosecute this action on her behalf and is obligated to pay said law firm a reasonable attorney's fee for its services. Pursuant

to Section 772.11, Florida Statutes, Plaintiff is entitled to recover from YvZo the costs and reasonable attorney's fees incurred by her in prosecuting this action.

**COUNT VI**
**CIVIL THEFT IN VIOLATION OF SECTION 772.11, FLORIDA STATUTES**
**(against Sarah Monetti)**

119.    All allegations of paragraphs 1 through 65 are re-alleged in full and adopted herein.

120.    Sarah Monetti embezzled funds of MCIFF by hiring her coconspirator, Zorrilla, for no-show/no-work employment, resulting in costs to MCIFF of at least $19,407.60.

121.    Additionally, between June 2018 and December 1, 2021, Sarah Monetti caused MCIFF to pay $286,225.20 to YvZo—a corporation operating out of Sarah Monetti's residence—as a result of the fraudulent scheme she executed. To wit, Sarah Monetti entered into a contract with YvZo, a company operated by her coconspirator, for equipment rentals at substantially above-market rates, in order to embezzle MCIFF funds to herself.

122.    In total, Sarah Monetti has embezzled no less than $305,632.80 from MCIFF through the above schemes.

123.    Sarah Monetti has committed theft, as defined in Section 812.014, Florida Statutes (2022), by knowingly obtaining the property ($305,632.80) of MCIFF with intent to, either temporarily or permanently, deprive MCIFF of a right to the property or a benefit from the property.

124.    On December 27, 2023 and January 23, 2023, Sarah Monetti was served with demand letters as a statutory prerequisite to a civil theft lawsuit under Section 772.11, Florida Statutes (2022). A true and correct copy of the demand letters are attached hereto and expressly made a part hereof as **Composite Exhibit "E."**

125.    Greater than thirty days have elapsed since Sarah Monetti was served with the aforementioned demand letters, and no payments have been made by Sarah Monetti.

126.    Plaintiff has retained the services of the undersigned law firm to prosecute this action on her behalf and is obligated to pay said law firm a reasonable attorney's fee for its services. Pursuant to Section 772.11, Florida Statutes, Plaintiff is entitled to recover from Sarah Monetti the costs and reasonable attorney's fees incurred by her in prosecuting this action.

<u>**COUNT VII**</u>
<u>**CIVIL THEFT IN VIOLATION OF SECTION 772.11, FLORIDA STATUTES**</u>
**(against Zorrilla)**

127.    All allegations of paragraphs 1 through 65 are re-alleged in full and adopted herein.

128.    Zorrilla embezzled funds of MCIFF by accepting payroll payments for no-show/no-work employment, resulting in costs to MCIFF of at least $19,407.60.

129.    Additionally, between June 2018 and December 1, 2021, Zorrilla caused MCIFF to pay $286,225.20 to YvZo—a corporation operating out of Sarah Monetti's residence—as a result of the fraudulent scheme she executed. To wit, Zorrilla entered into a contract on behalf of YvZo, for equipment rentals to MCIFF at substantially above-market rates, in order to facilitate the embezzlement of MCIFF funds to Sarah Monetti, and to profit herself.

130.    In total, Zorrilla has embezzled no less than $305,632.80 from MCIFF through the above schemes.

131.    Zorrilla has committed theft, as defined in Section 812.014, Florida Statutes (2022), by knowingly obtaining the property ($305,632.80) of MCIFF with intent to, either temporarily or permanently, deprive MCIFF of a right to the property or a benefit from the property.

132.    On March 15, 2023, Zorrilla was served with a demand letter as a statutory prerequisite to a Civil Theft lawsuit under Section 772.11, Florida Statutes (2022). *See* Exhibit D.

133.    Greater than thirty days have elapsed since Zorrilla was served with the aforementioned demand letters, and no payments have been made by Zorrilla.

134.    Plaintiff has retained the services of the undersigned law firm to prosecute this action on her behalf and is obligated to pay said law firm a reasonable attorney's fee for its services. Pursuant to Section 772.11, Florida Statutes, Plaintiff is entitled to recover from Zorrilla the costs and reasonable attorney's fees incurred by her in prosecuting this action.

<u>**COUNT VIII**</u>
<u>**VIOLATION OF SECTION 772.103(1), FLORIDA STATUTES (2022)**</u>
**(against all Defendants)**

135.    All allegations of paragraphs 1 through 48, 60, and 66 through 70 are re-alleged in full and adopted herein.

136.    Section 772.103, Florida Statutes, provides, in pertinent part:

> **Prohibited activities.**—It is unlawful for any person:
> (1)      Who has with criminal intent received any proceeds derived, directly or indirectly, from a pattern of criminal activity or through the collection of an unlawful debt to use or invest, whether directly or indirectly, any part of such proceeds, or the proceeds derived from the investment or use thereof, in the acquisition of any title to, or any right, interest, or equity in, real property or in the establishment or operation of any enterprise.
> . . . .

137.    For the purposes of this Count, MCIFF, YvZo, and the association in fact consisting of Defendants, are alternatively pleaded as the "enterprise."

138.    Defendants have, with criminal intent, received the proceeds of a pattern of criminal activity as described above, and invested said proceeds in the establishment or operation of any enterprise. Specifically, MCIFF, YvZo, or the association in fact consisting of Defendants.

139.    In total, Defendants caused MCIFF to expend no less than $1,629,087.82.

140.    Pursuant to Section 772.104(1), Florida Statutes, Francesca Monetti, derivatively on behalf of MCIFF, has been injured by the aforementioned violation of Section 772.103(1), and is therefore entitled to bring the instant action.

141.    Plaintiff is entitled to treble damages, attorney's fees, and costs. § 772.104(1), Fla. Stat.

<u>**COUNT IX**</u>
<u>**VIOLATION OF SECTION 772.103(2), FLORIDA STATUTES (2022)**</u>
**(against all Defendants)**

142.    All allegations of paragraphs 1 through 48, 60, and 66 through 70 are re-alleged in full and

adopted herein.

143.    Section 772.103, Florida Statutes, provides, in pertinent part:

> **Prohibited activities.**—It is unlawful for any person:
> . . . .
> (2)    Through a pattern of criminal activity or through the collection of an
> unlawful debt, to acquire or maintain, directly or indirectly, any interest in or
> control of any enterprise or real property.
> . . . .

144.    For the purposes of this Count, MCIFF, YvZo, and the association in fact consisting of

Defendants, are alternatively pleaded as the "enterprise."

145.    Defendants have, with through a pattern of criminal activity, acquired or maintained,

directly or indirectly, an interest in or control of MCIFF.

146.    Additionally or alternatively, Sarah Monetti and Zorrilla have, through a pattern of criminal

activity, acquired or maintained, directly or indirectly, an interest or control in YvZo.

147.    Additionally or alternatively, Defendants have, through a pattern of criminal activity,

acquired or maintained, directly or indirectly, an interest or control in the association in fact

consisting of Defendants.

148.    In total, Defendants caused MCIFF to expend no less than $1,629,087.82.

149.    Pursuant to Section 772.104(1), Florida Statutes, Francesca Monetti, derivatively on behalf

of MCIFF, has been injured by the aforementioned violation of Section 772.103(2), and is therefore

entitled to bring the instant action.

150.    Plaintiff is entitled to treble damages, attorney's fees, and costs. § 772.104(1), Fla. Stat.

<u>**COUNT X**</u>
<u>**VIOLATION OF SECTION 772.103(3), FLORIDA STATUTES (2022)**</u>
**(against all Defendants)**

151.     All allegations of paragraphs 1 through 48, 60, and 66 through 70 are re-alleged in full and

adopted herein.

152.     Section 772.103, Florida Statutes, provides, in pertinent part:

> **Prohibited activities.**—It is unlawful for any person:
> . . . .
> (3)     Employed by, or associated with, any enterprise to conduct or participate,
> directly or indirectly, in such enterprise through a pattern of criminal activity or the
> collection of an unlawful debt.
> . . . .

153.     For the purposes of this Count, MCIFF, YvZo, and the association in fact consisting of

Defendants, are alternatively pleaded as the "enterprise."

154.     Defendants have been employed by or associated with an enterprise, whether MCIFF, YvZo,

or the association consisting of Defendants, and conducted or participated, directly or indirectly,

in such enterprise through a pattern of criminal activity.

155.     In total, Defendants caused MCIFF to expend no less than $1,629,087.82.

156.     Pursuant to Section 772.104(1), Florida Statutes, Francesca Monetti, derivatively on behalf

of MCIFF, has been injured by the aforementioned violation of Section 772.103(3), and is

therefore entitled to bring the instant action.

157.     Plaintiff is entitled to treble damages, attorney's fees, and costs. § 772.104(1), Fla. Stat.

<u>**COUNT XI**</u>
<u>**VIOLATION OF SECTION 772.103(4), FLORIDA STATUTES (2022)**</u>
**(against all Defendants)**

158.     All allegations of paragraphs 1 through 48, 60, 66 through 70, and 135 through 157 are re-

alleged in full and adopted herein.

159.     Section 772.103, Florida Statutes, provides:

**Prohibited activities.**—It is unlawful for any person:

(1)      Who has with criminal intent received any proceeds derived, directly or indirectly, from a pattern of criminal activity or through the collection of an unlawful debt to use or invest, whether directly or indirectly, any part of such proceeds, or the proceeds derived from the investment or use thereof, in the acquisition of any title to, or any right, interest, or equity in, real property or in the establishment or operation of any enterprise.

(2)      Through a pattern of criminal activity or through the collection of an unlawful debt, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise or real property.

(3)      Employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of criminal activity or the collection of an unlawful debt.

(4)      To conspire or endeavor to violate any of the provisions of subsection (1), subsection (2), or subsection (3).

160.    For the purposes of this Count, MCIFF, YvZo, and the association in fact consisting of Defendants, are alternatively pleaded as the "enterprise."

161.    Defendants have conspired or endeavored to violate any of the provisions of Section 772.103(1)–(3).

162.    Specifically, Defendants made an agreement to engage in a pattern of criminal activity, as defined in Section 772.102(1), to receive proceeds of the pattern of criminal activity and to invest said proceeds, directly or indirectly, any part of such proceeds in the establishment or operation of an enterprise.

163.    Additionally or alternatively, Defendants made an agreement to be employed by or associated with any enterprise, and directly or indirectly to engage in a pattern of criminal activity, as defined in Section 772.102(1), in such enterprise.

164.    Zorrilla engaged in an overt act in pursuance of the conspiracy. To wit, she signed the paperwork to establish YvZo.

165.    Additionally or alternatively, Sarah Monetti engaged in an overt act in pursuance of the conspiracy. To wit, she signed a contract with and authorized payments to YvZo.

166.    Additionally or alternatively, Sarah Monetti engaged in an overt act in pursuance of the conspiracy. To wit, she cut off Francesca Monetti's payments in retaliation for disputing and attempting to expose the conspiracy.

167.    In total, Defendants caused MCIFF to expend no less than $1,629,087.82.

168.    Pursuant to Section 772.104(1), Florida Statutes, Francesca Monetti, derivatively on behalf of MCIFF, has been injured by the aforementioned violation of Section 772.103(4), and is therefore entitled to bring the instant action.

169.    Plaintiff is entitled to treble damages, attorney's fees, and costs. § 772.104(1), Fla. Stat.

**COUNT XII**
**BREACH OF FIDUCIARY DUTY**
**(against Sarah Monetti)**

170.    All allegations of paragraphs 1 through 48 are re-alleged in full and adopted herein.

171.    At all times relevant, Sarah Monetti was an officer and director of MCIFF.

172.    As an officer and director of MCIFF, Sarah Monetti owes a fiduciary duty to MCIFF.

173.    Sarah Monetti failed to act with the utmost good faith, fairness, and honesty, or with the highest and finest loyalty to MCIFF.

174.    Sarah Monetti failed to protect MCIFF's financial and property interests.

175.    Sarah Monetti's conduct of embezzling the funds of MCIFF through payments to YvZo—a corporation operating out of Sarah Monetti's residence—through payment of salary to Zorrilla for a no-show/no-work position, and through fraudulent unauthorized increases of her own salary constitute a breach of fiduciary duty with respect to MCIFF.

176.    Sarah Monetti's breach of fiduciary duty is a legal cause of damage to MCIFF, insofar as Sarah Monetti's conduct resulted in MCIFF losing funds.

177.    Specifically, Sarah Monetti's conduct cost MCIFF sums in excess of $1,315,455.02 (overpayment), $286,225.20 (contract with YvZo), and $27,407.60 (payment to Zorrilla), for a total in excess of $1,629,087.82.

**COUNT XIII**
**AIDING AND ABETTING BREACH OF FIDUCIARY DUTY**
**(against Zorrilla)**

178.    All allegations of paragraphs 1 through 48, and 170 through 177, are re-alleged in full and adopted herein.

179.    Zorrilla aided and abetted Sarah Monetti's breach of fiduciary duty by forming YvZo and entering into the contract with MCIFF on behalf of YvZo—a corporation operating out of Sarah Monetti's residence—having knowledge that the funds embezzled from MCIFF were being funneled to Sarah Monetti.

180.    Zorrilla additionally aided and abetted Sarah Monetti's breach of fiduciary duty by accepting no-work/no-show employment at MCIFF and receiving paychecks for work she did not perform.

181.    Zorrilla's aiding and abetting of Sarah Monetti's breach of fiduciary duty is a legal cause of damage to MCIFF, insofar as Zorrilla's aiding and abetting was necessary for Sarah Monetti's breach of fiduciary duty to result in the damages.

182.    Specifically, Sarah Monetti's conduct, which was aided and abetted by Zorrilla, cost MCIFF sums in excess of $1,315,455.02 (overpayment), $286,225.20 (contract with YvZo), and $27,407.60 (payment to Zorrilla), for a total in excess of $1,629,087.82.

**COUNT XIV**
**CONSPIRACY**
**(against all Defendants)**

183.    All allegations of paragraphs 1 through 118, and paragraphs 135 through 169, are re-alleged in full and adopted herein.

184.   Sarah Monetti, Zorrilla, and YvZo made an agreement.

185.   The aforementioned agreement was to do an unlawful act or to do a lawful act by unlawful means. To wit, to use the above-described fraudulent schemes in order to appropriate funds of MCIFF to which they were not entitled to themselves.

186.   Zorrilla engaged in an overt act in pursuance of the conspiracy. To wit, she signed the paperwork to establish YvZo—a corporation operating out of Sarah Monetti's residence.

187.   Additionally or alternatively, Sarah Monetti engaged in an overt act in pursuance of the conspiracy. To wit, she signed a contract with and authorized payments to YvZo.

188.   Additionally or alternatively, Sarah Monetti engaged in an overt act in pursuance of the conspiracy. To wit, she cut off Francesca Monetti's payments in retaliation for disputing and attempting to expose the conspiracy.

189.   Damage resulted to Plaintiff, Francesca Monetti, derivatively on behalf of MCIFF, as a result of the acts done under the conspiracy. To wit, the conspiracy cost MCIFF sums in excess of $1,315,455.02 (overpayment), $286,225.20 (contract with YvZo), and $27,407.60 (payment to Zorrilla), for a total in excess of $1,629,087.82.

## **DAMAGES**

190.   The Plaintiff incorporates by reference all allegations contained in all paragraphs of this Complaint, as if fully set forth herein.

191.   As a direct and proximate result of the aforementioned acts and omissions of the Defendants, Plaintiff, Francesca Monetti, derivatively on behalf of MCIFF, suffered injuries and damages. Plaintiff seeks recovery from the Defendants of all damages to which she may be entitled under federal or state law for the injuries and damages to Plaintiff, and which may include, but are not limited to, the following:

   a.  Actual damages for the loss of value of MCIFF;

b.  Treble damages pursuant to 18 U.S.C. § 1964(c);

c.  Treble damages pursuant to Section 772.11, Florida Statutes (2022);

d.  Treble damages pursuant to Section 772.104, Florida Statutes (2022);

e.  Pre- and post-judgment interest as to Defendants;

f.  Attorney's fees where permitted by law; and

g.  All such other and further relief, both general and specific, to which Plaintiff may

be entitled under the premises.

Respectfully submitted,
**Montesino Law**
*Attorney for Plaintiff*
5201 Blue Lagoon Drive, Ste 800
Miami, FL 33126
Telephone: (305) 900-6529

By:   /s/ Armando Montesino
Florida Bar No.: 100771
AMontesino@MontesinoLaw.com

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA
## MIAMI DIVISION

FRANCESCA MONETTI,
derivatively on behalf of
M.C. INT'L. FREIGHT FORWARDERS,
INC.,

     Plaintiff,

vs.

SARAH MONETTI,
YVETTE ZORRILLA, and
YVZO INC.,
     Defendants,

M.C. INT'L. FREIGHT FORWARDERS,
INC.,
     Nominal Defendant.

_____/

CASE NO.:   1:23cv21789

## **VERIFICATION**

     Under penalties of perjury, I, Francesca Monetti, declare that I have read the foregoing Complaint and that the facts stated in it are true.

                                      _____
                                      FRANCESCA MONETTI

STATE OF FLORIDA       }
COUNTY OF _Miami-Dade_ }

Sworn to (or affirmed) and subscribed before me by means of ☐ physical presence or ☐ online notarization, this _11_ day of _May_, 2023, by _FRANCESCA MARIE MONETTI_

                                    _____

(seal)                                 Notary Public

> Notary Public State of Florida
> Noel Javier Cardenas
> My Commission HH 289807
> Expires 7/19/2026

Personally known OR Produced Identification
Type of Identification Produced: _FLDL_

# Exhibit "A"



# M.C. INT'L FREIGHT FORWARDERS, INC.

7700 NW 79th Place, Suite D-1, Medley, FL 33166
Ph: (305) 406-2214
www.mciff.com

January 13th, 2023.

To: Mrs. Francesca Monetti

RE: Cease of "Salary" compensation as per Stockholder's Agreement

The attached Minutes of Special Meeting of Shareholders executed on March 9th, 2017, clearly demonstrate that:

*"Francesca M. Monetti will not actively participate in the Corporation until further notice."*

*"Francesca M. Monetti will receive compensation as W-2 (Salary) from the Corporation beginning on pay date 03/31/2017 in the amount of USD $1,440.00 (before any deductions) and each pay date thereafter if sufficient funds are available."*

These paragraphs were agreed upon due to your pregnancy, and proximity to the birth of your child. However, more than five (5) years have elapsed without any involvement or assistance by you with the Company, except for several requests to get an increase in pay, which were granted albeit reluctantly

| 2017 | USD$ 28,800.00 |
|------|----------------|
| 2018 | USD$ 37,440.00 |
| 2019 | USD$ 45,440.00 |
| 2020 | USD$ 65,280.00 |
| 2021 | USD$ 76,040.00 |

Section 5.6 of the Stockholder's Agreement makes clear that you are only entitled to compensation or remuneration from the Company so long as you are "working for the Company," which you have failed to do.

In accordance with the foregoing sections of the Stockholder's Agreement, please be advised that effective immediately, all further payments to you by the Company categorized as "Salary" will cease given that you have failed to perform any work for the Company.

If you have any questions regarding this matter, you or your attorney should contact the company's counsel, John G. Crivelli, Esq. at (305)902-1553; and / or my counsel, Omar J. Arcia, Esq. at (954)437-9066.

Respectfully,

Sarah Monetti
President / CEO
M.C. Int'l Freight Forwarders, Inc
Ph: (305) 406-2214 Ext 3002
www.mciff.com

## MINUTES OF SPECIAL MEETING OF SHAREHOLDERS

### OF

### M.C. INT'L FREIGHT FORWARDERS, INC.

The special meeting of the shareholders of M.C. Int'l Freight Forwarders, Inc. ("The Corporation") was held on March 9th, 2017, at approximately 11:30 am at "The Corporation" current physical address 7700 NW 79th Place, Suite D1, Medley, FL. 33166.

The meeting was called to order by Mr. Francesco Monetti (acting as a proxy of Mrs. Francesca M. Monetti), the Chief Financial Officer, Treasurer, Secretary of the Corporation. There were present at the meeting Sarah Monetti and Francesco Monetti (acting as a proxy of Francesca M. Monetti) being all the Shareholders of the Corporation.

Upon motion duly made, seconded and unanimously carried, it was **RESOLVED**, that

- Signature of Sarah Monetti of the final documents of transfer of shares and bylaws of the Company from the previous administration already signed by Francesca M. Monetti.

- Review and signature of the Corporation income tax forms for tax year 07/01/2015 – 06/30/2016.

- Monthly payment of USD$11,000.00 to Francesco Monetti from the Company checking account as "Contributions" if sufficient funds are available.

- Francesca M. Monetti will not actively participate in the Corporation until further notice.

- Francesca M. Monetti will receive compensation as W-2 (Salary) from the Corporation beginning on pay date 03/31/2017 in the amount of USD $1,440.00 (before any deductions) and each pay date thereafter if sufficient funds are available.

- Sarah Monetti, while actively participate in the Corporation, will receive compensation as W-2 (Salary) from the Corporation beginning on pay date 03/31/2017 in the amount of USD $10,384.62 (before any deductions) and each pay date thereafter if sufficient funds are available.

There being no further business to come before the meeting, upon motion duly made, seconded and unanimously carried, the meeting was adjourned.

Sarah Monetti   CEO / President

# Exhibit "B"

| | | | | YVZO INC. | | | | |
|---|---|---|---|---|---|---|---|---|
| | DATE | INVOICE | | AMOUNT | MEMO | EQUIPMENT | | |
| | 6/26/18 | 2018061 | $ | 12,495.60 | PREPAY MARCH-MAY 2018 | WAREHOUSE RACKS | | |
| | 6/28/18 | 2018062 | $ | 12,495.60 | PREPAY JUNE-AUGUST 2018 | WAREHOUSE RACKS | | |
| | 6/28/18 | 2018063 | $ | 12,495.60 | PREPAY SEPT-NOV 2018 | WAREHOUSE RACKS | | |
| | 6/28/18 | 2018064 | $ | 12,495.60 | PREPAY DEC-FEB 2019 | WAREHOUSE RACKS | | |
| | 11/1/18 | 2018065 | $ | 5,126.40 | PREPAY NOV 2018-FEB 2019 | FORKLIFT RENTAL | | |
| | 1/1/19 | 2018066 | $ | 1,280.40 | JAN 2019 / PREPAY FEB 2019 | FORKLIFT RENTAL | | |
| | 3/1/19 | 2018067 | $ | 31,458.00 | PREPAYMENT 2/2019-2/2020 | FORKLIFT RENTAL | | |
| | 3/1/19 | 2018068 | $ | 50,076.00 | PREPAY 03/2019-FEB 2020 | WAREHOUSE RACKS | | |
| | 3/1/20 | 2018070 | $ | 4,173.00 | PAYMENT MARCH 2020 | WAREHOUSE RACKS | | |
| | 3/1/20 | 2018071 | $ | 2,568.00 | PAYMENT MARCH 2020 | FORKLIFT RENTALS | | |
| | 4/1/20 | 2018072 | $ | 4,173.00 | PAYMENT APRIL 2020 | WAREHOUSE RACKS | | |
| | 4/1/20 | 2018073 | $ | 2,568.00 | PAYMENT APRIL 2020 | FORKLIFT RENTALS | | |
| | 5/1/20 | 2018074 | $ | 4,173.00 | PAYMENT 05 2020 | WAREHOUSE RACKS | | |
| | 5/1/20 | 2018075 | $ | 2,568.00 | PAYMENT 05/2020 | FORKLIFT RENTALS | | |
| | 6/1/20 | 2018076 | $ | 4,173.00 | PAYMENT 06/2020 | WAREHOUSE RACKS | | |
| | 6/1/20 | 2018077 | $ | 2,568.00 | PAYMENT 06/2020 | FORKLIFT RENTALS | | |
| | 7/1/20 | 2018078 | $ | 4,173.00 | PAYMENT 07/2020 | WAREHOUSE RACKS | | |
| | 7/1/20 | 2018079 | $ | 2,568.00 | PAYMENT 07/2020 | FORKLIFT RENTALS | | |
| | 8/1/20 | 2018080 | $ | 4,173.00 | PAYMENT 08/2020 | WAREHOUSE RACKS | | |
| | 8/1/20 | 2018081 | $ | 2,568.00 | PAYMENT 8/2020 | FORKLIFT RENTALS | | |
| | 9/1/20 | 2018082 | $ | 4,173.00 | PAYMENT 09/2020 | WAREHOUSE RACKS | | |
| | 9/1/20 | 2018083 | $ | 2,568.00 | PAYMENT 9/2020 | FORKLIFT RENTALS | | |
| | 10/1/20 | 2018084 | $ | 4,173.00 | PAYMENT 10/2020 | WAREHOUSE RACKS | | |
| | 10/1/20 | 2018085 | $ | 2,568.00 | PAYMENT 10/2020 | FORKLIFT RENTALS | | |
| | 11/1/20 | 2018086 | $ | 4,173.00 | PAYMENT 11/2020 | WAREHOUSE RACKS | | |
| | 11/1/20 | 2018087 | $ | 2,568.00 | PAYMENT 11/2020 | FORKLIFT RENTALS | | |
| | 12/1/20 | 2018088 | $ | 4,173.00 | PAYMENT 12/2020 | WAREHOUSE RACKS | | |
| | 12/1/20 | 2018089 | $ | 2,568.00 | PAYMENT 12/2020 | FORKLIFT RENTALS | | |
| | 1/1/21 | 2018090 | $ | 4,173.00 | PAYMENT 1/2021 | WAREHOUSE RACKS | | |
| | 1/1/21 | 2018091 | $ | 2,568.00 | PAYMENT 01/21 | FORKLIFT RENTALS | | |
| | 2/1/21 | 2018092 | $ | 4,173.00 | PAYMENT 02/21 | WAREHOUSE RACKS | | |
| | 2/1/21 | 2018093 | $ | 2,568.00 | PAYMENT 02/21 | FORKLIFT RENTAL | | |

| | 3/1/21 | 2018094 | $ 4,173.00 | PAYMENT 03/2021 | WAREHOUSE RACKS | | | |
| | 3/1/21 | 2018095 | $ 2,568.00 | PAYMENT 03/2021 | FORKLIFT RENTAL | | | |
| | 4/1/21 | 2018096 | $ 4,173.00 | PAYMENT 4/2021 | WAREHOUSE RACKS | | | |
| | 4/1/21 | 2018097 | $ 2,568.00 | PAYMENT 04/2021 | FORKLIFT RENTAL | | | |
| | 5/1/21 | 2018098 | $ 4,173.00 | PAYMENT 05/2021 | WAREHOUSE RACKS | | | |
| | 5/1/21 | 2018099 | $ 2,568.00 | PAYMENT 05/2021 | FORKLIFT RENTAL | | | |
| | 6/1/21 | 2018100 | $ 4,173.00 | PAYMENT 6/2021 | WAREHOUSE RACKS | | | |
| | 6/1/21 | 2018101 | $ 2,568.00 | PAYMENT 6/2021 | FORKLIFT RENTAL | | | |
| | 7/1/21 | 2018102 | $ 4,173.00 | PAYMENT 7/2021 | WAREHOUSE RACKS | | | |
| | 7/1/21 | 2018103 | $ 2,568.00 | PAYMENT 7/2021 | FORKLIFT RENTAL | | | |
| | 8/1/21 | 2018104 | $ 4,173.00 | PAYMENT 8/2021 | WAREHOUSE RACKS | | | |
| | 8/1/21 | 2018105 | $ 2,568.00 | PAYMENT 8/2021 | FORKLIFT RENTAL | | | |
| | 9/1/21 | 2018106 | $ 4,173.00 | PAYMENT 9/2021 | WAREHOUSE RACKS | | | |
| | 9/1/21 | 2018107 | $ 2,568.00 | PAYMENT 9/2021 | FORKLIFT RENTAL | | | |
| | 10/1/21 | 2018108 | $ 4,173.00 | PAYMENT 10/21 | WAREHOUSE RACKS | | | |
| | 10/1/21 | 2018109 | $ 2,568.00 | PAYMENT 10/21 | FORKLIFT RENTAL | | | |
| | 11/1/21 | 2018110 | $ 4,173.00 | PAYMENT 11/21 | WAREHOUSE RACKS | | | |
| | 11/1/21 | 2018111 | $ 2,568.00 | PAYMENT 11/21 | FORKLIFT RENTAL | | | |
| | 12/1/21 | 2018112 | $ 4,173.00 | PAYMENT 12/21 | WAREHOUSE RACKS | | | |
| | 12/1/21 | 2018113 | $ 2,568.00 | PAYMENT 12/21 | FORKLIFT RENTAL | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | TOTAL | $ 286,225.20 | | | | | |
| | | | | | | | | |
| | | | | | | | | |
| | | | | | | | | |

# Composite Exhibit "C"

YvZo Inc

2409 Centergate Dr
Apt 204
FL 33025

# Invoice

| Date | Invoice # |
|------|-----------|
| 6/26/2018 | 2018061 |

**Bill To**

M.C.Int'l Freight Forwarders,Inc
7700 NW 79th Pl
Suite D1
Medley,FL 33166

| P.O. No. | Terms | Project |
|----------|-------|---------|
| | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Monthly Warehouse racks throughout suite D1 thru D3 March 2018 | 3,900.00 | 3,900.00 |
| 1 | Monthly Warehouse racks throughout suite D1 thru D3 April 2018 | 3,900.00 | 3,900.00 |
| 1 | Monthly Warehouse racks throughout suite D1 thru D3 May 2018 | 3,900.00 | 3,900.00 |
| 11,700 | Sales Tax 6.8% | 0.068 | 795.60 |

| **Total** | $12,495.60 |
|-----------|------------|

YvZo Inc

2409 Centergate Dr
Apt 204
FL 33025

# Invoice

| Date | Invoice # |
|------|-----------|
| 6/28/2018 | 2018062 |

**Bill To**

M.C.Int'l Freight Forwarders,Inc
7700 NW 79th Pl
Suite D1
Medley,FL 33166

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Monthly Warehouse racks throughout suite D1 thru D3 June 2018 | 3,900.00 | 3,900.00 |
| 1 | Monthly Warehouse racks throughout suite D1 thru D3 July 2018 | 3,900.00 | 3,900.00 |
| 1 | Monthly Warehouse racks throughout suite D1 thru D3 August 2018 | 3,900.00 | 3,900.00 |
| 11,700 | Sales Tax 6.8% | 0.068 | 795.60 |

| **Total** | **$12,495.60** |
|-----------|----------------|

YvZo Inc

2409 Centergate Dr
Apt 204
FL 33025

# Invoice

| Date | Invoice # |
|------|-----------|
| 6/28/2018 | 2018063 |

| Bill To |
|---------|
| M.C.Int'l Freight Forwarders,Inc<br>7700 NW 79th Pl<br>Suite D1<br>Medley,FL 33166 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
| | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Monthly Warehouse racks throughout suite D1 thru D3 September 2018 | 3,900.00 | 3,900.00 |
| 1 | Monthly Warehouse racks throughout suite D1 thru D3 October 2018 | 3,900.00 | 3,900.00 |
| 1 | Monthly Warehouse racks throughout suite D1 thru D3 November 2018 | 3,900.00 | 3,900.00 |
| 11,700 | Sales Tax 6.8% | 0.068 | 795.60 |

| | **Total** | $12,495.60 |
|--|-----------|------------|

YvZo Inc

2409 Centergate Dr
Apt 204
FL 33025

# Invoice

| Date | Invoice # |
|------|-----------|
| 6/28/2018 | 2018064 |

| Bill To |
|---------|
| M.C.Int'l Freight Forwarders,Inc<br>7700 NW 79th Pl<br>Suite D1<br>Medley,FL 33166 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Monthly Warehouse racks throughout suite D1 thru D3 December 2018 | 3,900.00 | 3,900.00 |
| 1 | Monthly Warehouse racks throughout suite D1 thru D3 January 2019 | 3,900.00 | 3,900.00 |
| 1 | Monthly Warehouse racks throughout suite D1 thru D3 February 2019 | 3,900.00 | 3,900.00 |
| 11,700 | Sales Tax 6.8% | 0.068 | 795.60 |

| | Total | $12,495.60 |
|--|-------|-----------|

38

# Invoice

YvZo Inc

2409 Centergate Dr
Apt 204
FL 33025

| Date | Invoice # |
|------|-----------|
| 11/1/2018 | 2018065 |

| Bill To |
|---------|
| M.C.Int'l Freight Forwarders,Inc<br>7700 NW 79th Pl<br>Suite D1<br>Medley,FL 33166 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|          | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 2 | Monthly Forklift Rental November 2018 | 600.00 | 1,200.00T |
| 2 | Monthly Forklift Rental December 2018 | 600.00 | 1,200.00T |
| 2 | Monthly Forklift Rental January 2019 | 600.00 | 1,200.00T |
| 2 | Monthly Forklift Rental February 2019 | 600.00 | 1,200.00T |
|   | Sales Tax 6.8% | 6.80% | 326.40 |

**M.C. Int'l Freight Forwarders, Inc**

## 53759

Yvzo Inc
| Date | Type | Reference | Original Amt. | Balance Due | 11/30/2018 Discount | Payment |
|------|------|-----------|---------------|-------------|----------|---------|
| 11/1/2018 | Bill | 2018065 | 5,126.40 | 5,126.40 |  | 5,126.40 |
|  |  |  |  |  | Check Amount | 5,126.40 |

Suntrust Bank      2 Forklift Rental November 2018 - February 201                     5,126.40

9019

www.checksforless.com 800-245-5775  Order # 2034504-1

| | Total | $5,126.40 |
|-|-------|-----------|

39

# Invoice

YvZo Inc

2409 Centergate Dr
Unit 204
Miramar, FL 33025

| Date | Invoice # |
|------|-----------|
| 1/1/2019 | 2018066 |

**Bill To**

M.C.Int'l Freight Forwarders,Inc
7700 NW 79th Pl
Suite D1
Medley,FL 33166

| P.O. No. | Terms | Project |
|----------|-------|---------|
| | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Monthly Forklift Rental January 2019 | 600.00 | 600.00T |
| 1 | Monthly Forklift Rental February 2019 | 600.00 | 600.00T |
| | Sales Tax 6.7% | 6.70% | 80.40 |

**M.C. Int'l Freight Forwarders, Inc**

## 53796

| | | | | | | | | |
|--|--|--|--|--|--|--|--|--|
| | | Yvzo Inc | | | | 1/17/2019 | | |
| Date | Type | Reference | | Original Amt. | Balance Due | Discount | | Payment |
| 1/1/2019 | Bill | 2018066 | | 1,280.40 | 1,280.40 | | | 1,280.40 |
| | | | | | | Check Amount | | 1,280.40 |

Suntrust Bank
9019

1,280.40

www.checksforless.com 800-245-5775   Order # 2034504-1

| | Total | $1,280.40 |
|--|-------|-----------|

40

# YvZo, Inc.

2409 Centergate Dr. Unit 204
Miramar, FL. 33025
Ph: (954)861-7591 * Email: yvzoinc@gmail.com

## EQUIPMENT RENTAL AGREEMENT

This equipment lease agreement (the "agreement") is made and entered on **February 1st, 2019,** ("Start Date") by and between <u>YVZO, INC</u> ("Lessor") and <u>M.C. INT'L FREIGHT FORWARDERS, INC</u> ("Lessee") collectively refers as the "Parties".

Lessor and Lessee, for the consideration hereafter named, agree as follow:

Under the Terms and Conditions of Lease attached to this sheet, Lessor hereby leases to Lessee all equipment named and identified in the following "List of Equipment", for use at Lessee location: <u>**7700 NW 79th Place Suite D1 and D2, Medley, FL. 33166**</u>

### LIST OF EQUIPMENT

| Equipment Type | Make | Model # | Year | Vin / Serial # | Hours | Monthly Rate |
|---|---|---|---|---|---|---|
| Forklift (3000Lbs Cap) | Toyota | 8FGCU-15 | 2012 | 18009 | 3243 | USD$600 |

Note: Applicable taxes are not included on above monthly rate. Security Deposit received by Lessee USD$0.00

Lessor and Lessee, for themselves, their successors, executors, administrators, and assigns, agree to the full performance of the covenants herein contained.

YvZo, Inc (Lessor)

_Authorized Signature_

_Title_

M.C. Int'l Freight Forwarders, Inc (Lessee)
7700 NW 79th Place, Suite D1, Medley, FL. 33166
Ph: (305) 406-2214 Ext 4003 * Email: ap@mciff.com

Authorized Signature

Title

41

# Invoice

YvZo Inc

2409 Centergate Dr
Unit 204
Miramar, FL 33025

| Date | Invoice # |
|------|-----------|
| 3/1/2019 | 2018067 |

| Bill To |
|---------|
| M.C.Int'l Freight Forwarders,Inc<br>7700 NW 79th Pl<br>Suite D1<br>Medley,FL 33166 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 13 | Monthly Forklift Rental February 2019 thru February 2020 | 600.00 | 7,800.00T |
| 12 | Monthly Forklift Rental March 2019 thru February 2020 | 600.00 | 7,200.00T |
| 12 | Monthly Forklift Rental March 2019 thru February 2020 | 600.00 | 7,200.00T |
| 12 | Monthly Forklift Rental March 2019 thru February 2020 | 600.00 | 7,200.00T |
|  | Sales Tax 7% | 7.00% | 2,058.00 |

**M.C. Int'l Freight Forwarders, Inc**

## 53870

|  |  |  |  |  | 4/26/2019 |  |
|--|--|--|--|--|-----------|--|
| Yvzo Inc |  |  |  |  |  |  |
| Date | Type | Reference | Original Amt. | Balance Due | Discount | Payment |
| 3/1/2019 | Bill | 2018067 | 31,458.00 | 31,458.00 |  | 31,458.00 |
|  |  |  |  |  | Check Amount | 31,458.00 |

Suntrust Bank                                                              31,458.00
9019

www.checksforless.com 800-245-5775   Order # 2034504-1

| | Total | $31,458.00 |
|--|-------|-----------|

42

# Invoice

YvZo Inc

2409 Centergate Dr
Unit 204
Miramar, FL 33025

| Date | Invoice # |
|------|-----------|
| 3/1/2019 | 2018068 |

| Bill To |
|---------|
| M.C.Int'l Freight Forwarders,Inc<br>7700 NW 79th Pl<br>Suite D1<br>Medley,FL 33166 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
| | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 12 | Monthly Warehouse racks from suite D1 throughout suite D2 March thru February 2020 | 3,900.00 | 46,800.00T |
| | Sales Tax 7% | 7.00% | 3,276.00 |

Paid 06/27/19

| | Total | $50,076.00 |
|--|-------|------------|

43

YvZo Inc

Unit 204
Miramar, FL 33025

# Invoice

| Date | Invoice # |
|------|-----------|
| 3/1/2020 | 2018070 |

| Bill To |
|---------|
| M.C.Int'l Freight Forwarders,Inc<br>7700 NW 79th Pl<br>Suite D1<br>Medley,FL 33166 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Monthly Warehouse racks from suite D1 throughout suite D2 March 2020<br>Sales Tax 7% | 3,900.00<br>7.00% | 3,900.00T<br>273.00 |

| | **Total** | $4,173.00 |
|---|---|---|

YvZo Inc

Unit 204
Miramar, FL 33025

# Invoice

| Date | Invoice # |
|------|-----------|
| 3/1/2020 | 2018071 |

| Bill To |
|---------|
| M.C.Int'l Freight Forwarders,Inc |
| 7700 NW 79th Pl |
| Suite D1 |
| Medley,FL 33166 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
| | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 4 | Monthly Forklift Rental March 2020 | 600.00 | 2,400.00T |
| | Sales Tax 7% | 7.00% | 168.00 |

| **Total** | $2,568.00 |
|-----------|-----------|

45

# Invoice

YvZo Inc

Unit 204
Miramar, FL 33025

| Date | Invoice # |
|------|-----------|
| 4/1/2020 | 2018072 |

**Bill To**

M.C.Int'l Freight Forwarders,Inc
7700 NW 79th Pl
Suite D1
Medley,FL 33166

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Monthly Warehouse racks from suite D1 throughout suite D2 April 2020 | 3,900.00 | 3,900.00T |
|  | Sales Tax 7% | 7.00% | 273.00 |

| | **Total** | $4,173.00 |
|---|---|---|

46

# Invoice

YvZo Inc

Unit 204
Miramar, FL 33025

| Date | Invoice # |
|------|-----------|
| 4/1/2020 | 2018073 |

| Bill To |
|---------|
| M.C.Int'l Freight Forwarders,Inc<br>7700 NW 79th Pl<br>Suite D1<br>Medley,FL 33166 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
| | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 4 | Monthly Forklift Rental April 2020 | 600.00 | 2,400.00T |
| | Sales Tax 7% | 7.00% | 168.00 |

| | Total | $2,568.00 |
|--|-------|-----------|

# Invoice

YvZo Inc

Unit 204
Miramar, FL 33025

| Date | Invoice # |
|------|-----------|
| 5/1/2020 | 2018074 |

**Bill To**

M.C.Int'l Freight Forwarders,Inc
7700 NW 79th Pl
Suite D1
Medley,FL 33166

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Monthly Warehouse racks from suite D1 throughout suite D2 May 2020 | 3,900.00 | 3,900.00T |
|  | Sales Tax 7% | 7.00% | 273.00 |

| **Total** | $4,173.00 |
|-----------|-----------|

48

YvZo Inc

Unit 204
Miramar, FL 33025

# Invoice

| Date | Invoice # |
|------|-----------|
| 5/1/2020 | 2018075 |

**Bill To**

M.C.Int'l Freight Forwarders,Inc
7700 NW 79th Pl
Suite D1
Medley,FL 33166

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 4 | Monthly Forklift Rental May 2020 | 600.00 | 2,400.00T |
|  | Sales Tax 7% | 7.00% | 168.00 |

| | **Total** | $2,568.00 |
|--|-----------|-----------|

# Invoice

YvZo Inc

Unit 204
Miramar, FL 33025

| Date | Invoice # |
|------|-----------|
| 6/1/2020 | 2018076 |

| Bill To |
|---------|
| M.C.Int'l Freight Forwarders,Inc<br>7700 NW 79th Pl<br>Suite D1<br>Medley,FL 33166 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Monthly Warehouse racks from suite D1 throughout suite D2 June 2020 | 3,900.00 | 3,900.00T |
|  | Sales Tax 7% | 7.00% | 273.00 |

| | **Total** | $4,173.00 |
|--|----------|-----------|

50

# Invoice

YvZo Inc

Unit 204
Miramar, FL 33025

| Date | Invoice # |
|------|-----------|
| 6/1/2020 | 2018077 |

**Bill To**

M.C.Int'l Freight Forwarders,Inc
7700 NW 79th Pl
Suite D1
Medley,FL 33166

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 4 | Monthly Forklift Rental June 2020 | 600.00 | 2,400.00T |
|  | Sales Tax 7% | 7.00% | 168.00 |

| | **Total** | $2,568.00 |
|--|--|--|

51

# Invoice

YvZo Inc

Unit 204
Miramar, FL 33025

| Date | Invoice # |
| --- | --- |
| 7/1/2020 | 2018078 |

**Bill To**

M.C.Int'l Freight Forwarders,Inc
7700 NW 79th Pl
Suite D1
Medley,FL 33166

| P.O. No. | Terms | Project |
| --- | --- | --- |
| | Due on receipt | |

| Quantity | Description | Rate | Amount |
| --- | --- | --- | --- |
| 1 | Monthly Warehouse racks from suite D1 throughout suite D2 July 2020 | 3,900.00 | 3,900.00T |
| | Sales Tax 7% | 7.00% | 273.00 |

| | **Total** | $4,173.00 |
| --- | --- | --- |

52

# Invoice

YvZo Inc

Unit 204
Miramar, FL 33025

| Date | Invoice # |
|------|-----------|
| 7/1/2020 | 2018079 |

**Bill To**

M.C.Int'l Freight Forwarders,Inc
7700 NW 79th Pl
Suite D1
Medley,FL 33166

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 4 | Monthly Forklift Rental July 2020 | 600.00 | 2,400.00T |
|  | Sales Tax 7% | 7.00% | 168.00 |

| | Total | $2,568.00 |
|--|-------|-----------|

53

# Invoice

YvZo Inc

Unit 204
Miramar, FL 33025

| Date | Invoice # |
|------|-----------|
| 8/1/2020 | 2018080 |

**Bill To**

M.C.Int'l Freight Forwarders,Inc
7700 NW 79th Pl
Suite D1
Medley,FL 33166

| P.O. No. | Terms | Project |
|----------|-------|---------|
| | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Monthly Warehouse racks from suite D1 throughout suite D2 August 2020 | 3,900.00 | 3,900.00T |
| | Sales Tax 7% | 7.00% | 273.00 |

| | **Total** | $4,173.00 |
|---|-----------|-----------|

54

YvZo Inc

Unit 204
Miramar, FL 33025

# Invoice

| Date | Invoice # |
|------|-----------|
| 8/1/2020 | 2018081 |

**Bill To**

M.C.Int'l Freight Forwarders,Inc
7700 NW 79th Pl
Suite D1
Medley,FL 33166

| P.O. No. | Terms | Project |
|----------|-------|---------|
| | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 4 | Monthly Forklift Rental August 2020 | 600.00 | 2,400.00T |
| | Sales Tax 7% | 7.00% | 168.00 |

| | **Total** | $2,568.00 |
|--|-----------|-----------|

55

# Invoice

YvZo Inc

Unit 204
Miramar, FL 33025

| Date | Invoice # |
|------|-----------|
| 9/1/2020 | 2018082 |

**Bill To**

M.C.Int'l Freight Forwarders,Inc
7700 NW 79th Pl
Suite D1
Medley,FL 33166

| P.O. No. | Terms | Project |
|----------|-------|---------|
| | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Monthly Warehouse racks from suite D1 throughout suite D2 September 2020 | 3,900.00 | 3,900.00T |
| | Sales Tax 7% | 7.00% | 273.00 |

| | **Total** | $4,173.00 |
|---|---|---|

56

YvZo Inc

Unit 204
Miramar, FL 33025

# Invoice

| Date | Invoice # |
|------|-----------|
| 9/1/2020 | 2018083 |

| Bill To |
|---------|
| M.C.Int'l Freight Forwarders,Inc |
| 7700 NW 79th Pl |
| Suite D1 |
| Medley,FL 33166 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 4 | Monthly Forklift Rental September 2020 | 600.00 | 2,400.00T |
|  | Sales Tax 7% | 7.00% | 168.00 |

| Total | $2,568.00 |
|-------|-----------|

# Invoice

YvZo Inc

Unit 204
Miramar, FL 33025

| Date | Invoice # |
|------|-----------|
| 10/1/2020 | 2018084 |

**Bill To**

M.C.Int'l Freight Forwarders,Inc
7700 NW 79th Pl
Suite D1
Medley,FL 33166

| P.O. No. | Terms | Project |
|----------|-------|---------|
| | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Monthly Warehouse racks from suite D1 throughout suite D2 October 2020 | 3,900.00 | 3,900.00T |
| | Sales Tax 7% | 7.00% | 273.00 |

| | Total | $4,173.00 |
|--|-------|-----------|

58

# Invoice

YvZo Inc

Unit 204
Miramar, FL 33025

| Date | Invoice # |
|------|-----------|
| 10/1/2020 | 2018085 |

| Bill To |
|---------|
| M.C.Int'l Freight Forwarders,Inc<br>7700 NW 79th Pl<br>Suite D1<br>Medley,FL 33166 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 4 | Monthly Forklift Rental October 2020<br>Sales Tax 7% | 600.00<br>7.00% | 2,400.00T<br>168.00 |

| | Total | $2,568.00 |
|--|-------|-----------|

# Invoice

YvZo Inc

Unit 204
Miramar, FL 33025

| Date | Invoice # |
|---|---|
| 11/1/2020 | 2018086 |

| Bill To |
|---|
| M.C.Int'l Freight Forwarders,Inc<br>7700 NW 79th Pl<br>Suite D1<br>Medley,FL 33166 |

| P.O. No. | Terms | Project |
|---|---|---|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|---|---|---|---|
| 1 | Monthly Warehouse racks from suite D1 throughout suite D2 November 2020<br>Sales Tax 7% | 3,900.00<br>7.00% | 3,900.00T<br>273.00 |

| | Total | $4,173.00 |
|---|---|---|

YvZo Inc

Unit 204
Miramar, FL 33025

# Invoice

| Date | Invoice # |
|------|-----------|
| 11/1/2020 | 2018087 |

**Bill To**

M.C.Int'l Freight Forwarders,Inc
7700 NW 79th Pl
Suite D1
Medley,FL 33166

| P.O. No. | Terms | Project |
|----------|-------|---------|
| | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 4 | Monthly Forklift Rental November 2020 | 600.00 | 2,400.00T |
| | Sales Tax 7% | 7.00% | 168.00 |

| | **Total** | $2,568.00 |
|--|-----------|-----------|

# Invoice

YvZo Inc

Unit 204
Miramar, FL 33025

| Date | Invoice # |
|------|-----------|
| 12/1/2020 | 2018088 |

**Bill To**

M.C.Int'l Freight Forwarders,Inc
7700 NW 79th Pl
Suite D1
Medley,FL 33166

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Monthly Warehouse racks from suite D1 throughout suite D2 December 2020 | 3,900.00 | 3,900.00T |
|  | Sales Tax 7% | 7.00% | 273.00 |

| | **Total** | $4,173.00 |
|--|-----------|-----------|

YvZo Inc

Unit 204
Miramar, FL 33025

# Invoice

| Date | Invoice # |
|------|-----------|
| 12/1/2020 | 2018089 |

| Bill To |
|---------|
| M.C.Int'l Freight Forwarders,Inc<br>7700 NW 79th Pl<br>Suite D1<br>Medley,FL 33166 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 4 | Monthly Forklift Rental December 2020<br>Sales Tax 7% | 600.00<br>7.00% | 2,400.00T<br>168.00 |

| | Total | $2,568.00 |
|---|-------|-----------|

# Invoice

YvZo Inc

Unit 204
Miramar, FL 33025

| Date | Invoice # |
|------|-----------|
| 1/1/2021 | 2018090 |

| Bill To |
|---------|
| M.C.Int'l Freight Forwarders,Inc |
| 7700 NW 79th Pl |
| Suite D1 |
| Medley,FL 33166 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Monthly Warehouse racks from suite D1 throughout suite D2 January 2021 | 3,900.00 | 3,900.00T |
|  | Sales Tax 7% | 7.00% | 273.00 |

| | Total | $4,173.00 |
|--|-------|-----------|

# Invoice

YvZo Inc

Unit 204
Miramar, FL 33025

| Date | Invoice # |
|------|-----------|
| 1/1/2021 | 2018091 |

**Bill To**

M.C.Int'l Freight Forwarders,Inc
7700 NW 79th Pl
Suite D1
Medley,FL 33166

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 4 | Monthly Forklift Rental January 2021 | 600.00 | 2,400.00T |
|  | Sales Tax 7% | 7.00% | 168.00 |

| | **Total** | $2,568.00 |
|---|---|---|

YvZo Inc

Unit 204
Miramar, FL 33025

# Invoice

| Date | Invoice # |
|------|-----------|
| 2/1/2021 | 2018092 |

| Bill To |
|---------|
| M.C.Int'l Freight Forwarders,Inc<br>7700 NW 79th Pl<br>Suite D1<br>Medley,FL 33166 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Monthly Warehouse racks from suite D1 throughout suite D2 February 2021<br>Sales Tax 7% | 3,900.00<br>7.00% | 3,900.00T<br>273.00 |

| **Total** | $4,173.00 |
|-----------|-----------|

66

YvZo Inc

Unit 204
Miramar, FL 33025

# Invoice

| Date | Invoice # |
|------|-----------|
| 2/1/2021 | 2018093 |

| Bill To |
|---------|
| M.C.Int'l Freight Forwarders,Inc<br>7700 NW 79th Pl<br>Suite D1<br>Medley,FL 33166 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 4 | Monthly Forklift Rental February 2021 | 600.00 | 2,400.00T |
|  | Sales Tax 7% | 7.00% | 168.00 |

| | | Total | $2,568.00 |

# Invoice

YvZo Inc

Unit 204
Miramar, FL 33025

| Date | Invoice # |
|------|-----------|
| 3/1/2021 | 2018094 |

| Bill To |
|---------|
| M.C.Int'l Freight Forwarders,Inc<br>7700 NW 79th Pl<br>Suite D1<br>Medley,FL 33166 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Monthly Warehouse racks from suite D1 throughout suite D2 March 2021<br>Sales Tax 7% | 3,900.00<br>7.00% | 3,900.00T<br>273.00 |

| | Total | $4,173.00 |
|--|-------|-----------|

YvZo Inc

Unit 204
Miramar, FL 33025

# Invoice

| Date | Invoice # |
|------|-----------|
| 3/1/2021 | 2018095 |

| Bill To |
|---------|
| M.C.Int'l Freight Forwarders,Inc<br>7700 NW 79th Pl<br>Suite D1<br>Medley,FL 33166 |

| | P.O. No. | Terms | Project |
|--|----------|-------|---------|
| | | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 4 | Monthly Forklift Rental March 2021 | 600.00 | 2,400.00T |
| | Sales Tax 7% | 7.00% | 168.00 |

| | **Total** | $2,568.00 |
|--|-----------|-----------|

# Invoice

YvZo Inc

Unit 204
Miramar, FL 33025

| Date | Invoice # |
|------|-----------|
| 4/1/2021 | 2018096 |

**Bill To**

M.C.Int'l Freight Forwarders,Inc
7700 NW 79th Pl
Suite D1
Medley,FL 33166

| P.O. No. | Terms | Project |
|----------|-------|---------|
| | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Monthly Warehouse racks from suite D1 throughout suite D2 April 2021 | 3,900.00 | 3,900.00T |
| | Sales Tax 7% | 7.00% | 273.00 |

| | **Total** | $4,173.00 |
|--|-----------|-----------|

# Invoice

YvZo Inc

Unit 204
Miramar, FL 33025

| Date | Invoice # |
|------|-----------|
| 4/1/2021 | 2018097 |

**Bill To**

M.C.Int'l Freight Forwarders,Inc
7700 NW 79th Pl
Suite D1
Medley,FL 33166

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 4 | Monthly Forklift Rental April 2021 | 600.00 | 2,400.00T |
|  | Sales Tax 7% | 7.00% | 168.00 |

| | **Total** | $2,568.00 |
|---|---|---|

YvZo Inc

Unit 204
Miramar, FL 33025

# Invoice

| Date | Invoice # |
|------|-----------|
| 5/1/2021 | 2018098 |

| Bill To |
|---------|
| M.C.Int'l Freight Forwarders,Inc<br>7700 NW 79th Pl<br>Suite D1<br>Medley,FL 33166 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Monthly Warehouse racks from suite D1 throughout suite D2 May 2021<br>Sales Tax 7% | 3,900.00<br>7.00% | 3,900.00T<br>273.00 |

| | **Total** | $4,173.00 |
|--|-----------|-----------|

YvZo Inc

Unit 204
Miramar, FL 33025

# Invoice

| Date | Invoice # |
|------|-----------|
| 5/1/2021 | 2018099 |

| Bill To |
|---------|
| M.C.Int'l Freight Forwarders,Inc<br>7700 NW 79th Pl<br>Suite D1<br>Medley,FL 33166 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
| | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 4 | Monthly Forklift Rental May 2021 | 600.00 | 2,400.00T |
| | Sales Tax 7% | 7.00% | 168.00 |

| | **Total** | $2,568.00 |
|--|-----------|-----------|

YvZo Inc

Unit 204
Miramar, FL 33025

# Invoice

| Date | Invoice # |
|---|---|
| 6/1/2021 | 2018100 |

| Bill To |
|---|
| M.C.Int'l Freight Forwarders,Inc<br>7700 NW 79th Pl<br>Suite D1<br>Medley,FL 33166 |

| P.O. No. | Terms | Project |
|---|---|---|
| | Due on receipt | |

| Quantity | Description | Rate | Amount |
|---|---|---|---|
| 1 | Monthly Warehouse racks from suite D1 throughout suite D2 June 2021 | 3,900.00 | 3,900.00T |
| | Sales Tax 7% | 7.00% | 273.00 |

| | **Total** | $4,173.00 |
|---|---|---|

74

# Invoice

YvZo Inc

Unit 204
Miramar, FL 33025

| Date | Invoice # |
|------|-----------|
| 6/1/2021 | 2018101 |

**Bill To**

M.C.Int'l Freight Forwarders,Inc
7700 NW 79th Pl
Suite D1
Medley,FL 33166

| P.O. No. | Terms | Project |
|----------|-------|---------|
| | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 4 | Monthly Forklift Rental June 2021 | 600.00 | 2,400.00T |
| | Sales Tax 7% | 7.00% | 168.00 |

| | **Total** | $2,568.00 |
|---|---|---|

75

YvZo Inc

Unit 204
Miramar, FL 33025

# Invoice

| Date | Invoice # |
|------|-----------|
| 7/1/2021 | 2018102 |

| Bill To |
|---------|
| M.C.Int'l Freight Forwarders,Inc<br>7700 NW 79th Pl<br>Suite D1<br>Medley,FL 33166 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Monthly Warehouse racks from suite D1 throughout suite D2 July 2021<br>Sales Tax 7% | 3,900.00<br>7.00% | 3,900.00T<br>273.00 |

| | **Total** | $4,173.00 |
|---|---|---|

# Invoice

YvZo Inc

Unit 204
Miramar, FL 33025

| Date | Invoice # |
|------|-----------|
| 7/1/2021 | 2018103 |

**Bill To**

M.C.Int'l Freight Forwarders,Inc
7700 NW 79th Pl
Suite D1
Medley,FL 33166

| P.O. No. | Terms | Project |
|----------|-------|---------|
| | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 4 | Monthly Forklift Rental July 2021 | 600.00 | 2,400.00T |
| | Sales Tax 7% | 7.00% | 168.00 |

| | **Total** | $2,568.00 |
|---|---|---|

YvZo Inc

Unit 204
Miramar, FL 33025

# Invoice

| Date | Invoice # |
|------|-----------|
| 8/1/2021 | 2018104 |

**Bill To**

M.C.Int'l Freight Forwarders,Inc
7700 NW 79th Pl
Suite D1
Medley,FL 33166

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Monthly Warehouse racks from suite D1 throughout suite D2 August 2021 | 3,900.00 | 3,900.00T |
|  | Sales Tax 7% | 7.00% | 273.00 |

| | **Total** | $4,173.00 |
|---|---|---|

78

# Invoice

YvZo Inc

Unit 204
Miramar, FL 33025

| Date | Invoice # |
|------|-----------|
| 8/1/2021 | 2018105 |

**Bill To**

M.C.Int'l Freight Forwarders,Inc
7700 NW 79th Pl
Suite D1
Medley,FL 33166

| P.O. No. | Terms | Project |
|----------|-------|---------|
| | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 4 | Monthly Forklift Rental August 2021 | 600.00 | 2,400.00T |
| | Sales Tax 7% | 7.00% | 168.00 |

| **Total** | $2,568.00 |
|-----------|-----------|

79

YvZo Inc

Unit 204
Miramar, FL 33025

# Invoice

| Date | Invoice # |
|------|-----------|
| 9/1/2021 | 2018106 |

| Bill To |
|---------|
| M.C.Int'l Freight Forwarders,Inc<br>7700 NW 79th Pl<br>Suite D1<br>Medley,FL 33166 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Monthly Warehouse racks from suite D1 throughout suite D2 September 2021<br>Sales Tax 7% | 3,900.00<br>7.00% | 3,900.00T<br>273.00 |

| | **Total** | $4,173.00 |
|--|-----------|-----------|

YvZo Inc

Unit 204
Miramar, FL 33025

# Invoice

| Date | Invoice # |
|------|-----------|
| 9/1/2021 | 2018107 |

| Bill To |
|---------|
| M.C.Int'l Freight Forwarders,Inc<br>7700 NW 79th Pl<br>Suite D1<br>Medley,FL 33166 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
| | Due on receipt | |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 4 | Monthly Forklift Rental September 2021<br>Sales Tax 7% | 600.00<br>7.00% | 2,400.00T<br>168.00 |

| | **Total** | $2,568.00 |
|--|-----------|-----------|

YvZo Inc

Unit 204
Miramar, FL 33025

# Invoice

| Date | Invoice # |
|------|-----------|
| 10/1/2021 | 2018108 |

| Bill To |
|---------|
| M.C.Int'l Freight Forwarders,Inc |
| 7700 NW 79th Pl |
| Suite D1 |
| Medley,FL 33166 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Monthly Warehouse racks from suite D1 throughout suite D2 October 2021 | 3,900.00 | 3,900.00T |
|  | Sales Tax 7% | 7.00% | 273.00 |

| | Total | $4,173.00 |
|--|-------|-----------|

82

YvZo Inc

Unit 204
Miramar, FL 33025

# Invoice

| Date | Invoice # |
|---|---|
| 10/1/2021 | 2018109 |

| Bill To |
|---|
| M.C.Int'l Freight Forwarders,Inc<br>7700 NW 79th Pl<br>Suite D1<br>Medley,FL 33166 |

| P.O. No. | Terms | Project |
|---|---|---|
| | Due on receipt | |

| Quantity | Description | Rate | Amount |
|---|---|---|---|
| 4 | Monthly Forklift Rental October 2021 | 600.00 | 2,400.00T |
| | Sales Tax 7% | 7.00% | 168.00 |

| | Total | $2,568.00 |
|---|---|---|

# Invoice

YvZo Inc

Unit 204
Miramar, FL 33025

| Date | Invoice # |
|------|-----------|
| 11/1/2021 | 2018110 |

**Bill To**

M.C.Int'l Freight Forwarders,Inc
7700 NW 79th Pl
Suite D1
Medley,FL 33166

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Monthly Warehouse racks from suite D1 throughout suite D2 November 2021 | 3,900.00 | 3,900.00T |
|  | Sales Tax 7% | 7.00% | 273.00 |

| **Total** | $4,173.00 |
|-----------|-----------|

84

# Invoice

YvZo Inc

Unit 204
Miramar, FL 33025

| Date | Invoice # |
|------|-----------|
| 11/1/2021 | 2018111 |

**Bill To**

M.C.Int'l Freight Forwarders,Inc
7700 NW 79th Pl
Suite D1
Medley,FL 33166

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 4 | Monthly Forklift Rental November 2021 | 600.00 | 2,400.00T |
|  | Sales Tax 7% | 7.00% | 168.00 |

| Total | $2,568.00 |
|-------|-----------|

YvZo Inc

Unit 204
Miramar, FL 33025

# Invoice

| Date | Invoice # |
|------|-----------|
| 12/1/2021 | 2018112 |

| Bill To |
|---------|
| M.C.Int'l Freight Forwarders,Inc<br>7700 NW 79th Pl<br>Suite D1<br>Medley,FL 33166 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 1 | Monthly Warehouse racks from suite D1 throughout suite D2 December 2021 | 3,900.00 | 3,900.00T |
|  | Sales Tax 7% | 7.00% | 273.00 |

| | **Total** | $4,173.00 |
|--|-----------|-----------|

YvZo Inc

Unit 204
Miramar, FL 33025

# Invoice

| Date | Invoice # |
|------|-----------|
| 12/1/2021 | 2018113 |

| Bill To |
|---------|
| M.C.Int'l Freight Forwarders,Inc<br>7700 NW 79th Pl<br>Suite D1<br>Medley,FL 33166 |

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Quantity | Description | Rate | Amount |
|----------|-------------|------|--------|
| 4 | Monthly Forklift Rental December 2021 | 600.00 | 2,400.00T |
|  | Sales Tax 7% | 7.00% | 168.00 |

| | **Total** | $2,568.00 |
|--|-----------|-----------|

# Exhibit "D"

# MONTESINO LAW

5201 Blue Lagoon Drive, Suite 800, Miami, FL 33126
P: 305-900-6529
E: info@MontesinoLaw.com
www.MontesinoLaw.com

**Via Personal Service**                                                                                    March 13, 2023

Ms. Yvette Zorrilla
c/o Seaboard Marine
8001 NW 79th Place
Medley, FL 33166

Re:      Notice of Intent to Pursue Civil Action Under Fla. Stat. § 772.11

Dear Ms. Zorrilla:

The undersigned counsel represents Ms. Francesca Monetti derivatively on behalf of M.C. Int'l. Freight Forwarders, Inc. (hereafter "Company").

I take this opportunity to write on Ms. Monetti's behalf to notify you, both personally and in your capacity as President of YvZo, Inc., of an impending lawsuit against you personally and against YvZo, Inc. for civil theft. Accordingly, this written notice is provided to you as a condition precedent to the filing of a lawsuit against you, which will occur thirty (30) days from the date of this correspondence pursuant to Fla. Stat. § 772.11 et seq. A copy of the statute is enclosed herewith for your review.

You have embezzled, and the Company has been damaged by, at least, $286,225.20 as a result of payment of Company funds to YvZo Inc., and an additional $19,407.60 as a result of your acceptance of a "no-show job" from Sarah Monetti, for a total of **$305,632.80**. Please be advised that your actions constitute civil theft under Florida law, entitling Ms. Monetti to recover both the aforesaid debt as well as attorney's fees and costs incurred in the collection of same.

Furthermore, upon a finding that you committed civil theft, as aforesaid, Ms. Monetti is entitled to treble damages, effectively increasing the value of this demand to **$916,898.40**, exclusive of attorney's fees and costs. See Fla. Stat. § 772.11 et seq.

**To avoid further legal liability, please issue a check in the amount of $305,632.80 to M.C. Int'l. Freight Forwarders, Inc. within thirty (30) days from the date of receipt of this letter.** Should you fail to remit the aforesaid payment, and provide proof of its deposit, on or before this date, we will withdraw our demand and immediately file a lawsuit against you, seeking the maximum damages available.

Thank you for your prompt attention to this matter. We look forward to your anticipated compliance.

Sincerely,

**ARMANDO MONTESINO, ESQ.**
Attorney for Ms. Francesca Monetti
5201 Blue Lagoon Drive, Suite 800
Miami, Florida 33126
Tel: (305) 900-6529
amontesino@montesinolaw.com

AM:cs

Enclosure:      Fla. Stat. § 772.11

# Enclosure
# FS 772.11

Select Year:  2022 ⌄   Go

## The 2022 Florida Statutes

Title XLV                              Chapter 772                              View Entire Chapter
TORTS                    CIVIL REMEDIES FOR CRIMINAL PRACTICES

**772.11    Civil remedy for theft or exploitation.—**

(1)   Any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of ss. 812.012-812.037 or s. 825.103(1) has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts. Before filing an action for damages under this section, the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages under this section. If the person to whom a written demand is made complies with such demand within 30 days after receipt of the demand, that person shall be given a written release from further civil liability for the specific act of theft or exploitation by the person making the written demand. Any person who has a cause of action under this section may recover the damages allowed under this section from the parents or legal guardian of any unemancipated minor who lives with his or her parents or legal guardian and who is liable for damages under this section. Punitive damages may not be awarded under this section. The defendant is entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support. In awarding attorney's fees and costs under this section, the court may not consider the ability of the opposing party to pay such fees and costs. This section does not limit any right to recover attorney's fees or costs provided under any other law.

(2)   For purposes of a cause of action arising under this section, the term "property" does not include the rights of a patient or a resident or a claim for a violation of such rights.

(3)   This section does not impose civil liability regarding the provision of health care, residential care, long-term care, or custodial care at a licensed facility or care provided by appropriately licensed personnel in any setting in which such personnel are authorized to practice.

(4)   The death of an elderly or disabled person does not cause the court to lose jurisdiction of any claim for relief for theft or exploitation when the victim of the theft or exploitation is an elderly or disabled person.

(5)   In a civil action under this section in which an elderly or disabled person is a party, the elderly or disabled person may move the court to advance the trial on the docket. The presiding judge, after consideration of the age and health of the party, may advance the trial on the docket. The motion may be filed and served with the civil complaint at any time thereafter.

**History.**—s. 3, ch. 86-277; s. 47, ch. 88-381; s. 5, ch. 89-303; s. 1181, ch. 97-102; s. 2, ch. 2002-195; s. 8, ch. 2014-200.

Copyright © 1995-2022 The Florida Legislature • Privacy Statement • Contact Us

# Composite Exhibit "E"

# MONTESINO LAW

5201 Blue Lagoon Drive, Suite 800, Miami, FL 33126
P: 305-900-6529
E: info@MontesinoLaw.com
www.MontesinoLaw.com

<u>**Via Certified Mail 9414 8361 0426 2214 6507 67**</u>                    December 19, 2022

Ms. Sarah Monetti
7700 NW 79th Place, Suite D1
Medley, FL 33166

Re:      Rejection of Purchase Offer, Demand for Inspection Under Fla. Stat. § 607.1602, and Notice of
Intent to Pursue Civil Action Under Fla. Stat. § 772.11

Dear Ms. Monetti:

As you and your counsel, Mr. Arcia, are aware, the undersigned counsel represents Ms. Francesca Monetti
in the exercise of her rights as shareholder of M.C. Int'l. Freight Forwarders, Inc. (hereafter "Company"),
and derivatively on behalf of the Company (collectively, "Ms. Francesca Monetti").

Firstly, your offer dated December 16, 2022 is hereby rejected. We do not view it as a serious offer and
therefore will not entertain it with a detailed response or a counteroffer.

Additionally, I take this opportunity to write on Ms. Francesca Monetti's behalf to make a demand for
inspection of company records pursuant to Fla. Stat. § 607.1602, and to notify you of an impending lawsuit
against you for civil theft. Accordingly, this written notice is provided to you as a condition precedent to
the filing of a lawsuit against you, which will occur thirty (30) days from the date of this correspondence
pursuant to Fla. Stat. § 772.11 et seq. A copy of the statute is enclosed herewith for your review.

With respect to our demand for records under Fla. Stat. § 607.1602, we hereby demand the following
records:

- All of the Company's payroll records relating to Yvette Zorrilla, beginning January 1, 2022, and
  up to and including the date of her separation from the Company.

The proper purposes for which these records are demanded include, but are not limited to, (1)
investigation of potential wrongdoing, mismanagement, and breaches of fiduciary duties by the
Company in connection with the payments to Yvette Zorrilla described above; (2) ascertaining whether
the assets of the Company are being utilized properly; and (3) ascertaining the fair value of
Ms. Francesca Monetti's shareholdings in the Company.

Further, we demand that the records be made available for inspection on December 29, 2022 during the
hours of 9:00 am and 3:00 pm at 7700 NW 79th Place, Suite D1, Medley, FL 33166.

With respect to the impending civil theft lawsuit, you have embezzled, and the Company has been
damaged by, at least, $19,407.60 as a result of you giving Ms. Yvette Zorrilla a "no-show job." Please be

advised that your embezzlement of these funds constitutes civil theft under Florida law, entitling Ms. Francesca Monetti to recover both the aforesaid debt as well as attorney's fees and costs incurred in the collection of same.

Furthermore, upon a finding that you committed civil theft, as aforesaid, Ms. Francesca Monetti is entitled to treble damages, effectively increasing the value of this demand to **$58,222.80**, exclusive of attorney's fees and costs. See Fla. Stat. § 772.11 et seq.

**To avoid further legal liability, please issue a check in the amount of $19,407.60 to M.C. Int'l. Freight Forwarders, Inc. within thirty (30) days from the date of receipt of this letter.** Should you fail to remit the aforesaid payment, and provide proof of its deposit, on or before this date, we will withdraw our demand and immediately file a lawsuit against you, seeking the maximum damages available.

Thank you for your prompt attention to this matter. We look forward to your anticipated compliance.

Sincerely,

**ARMANDO MONTESINO, ESQ.**
Attorney for Ms. Francesca Monetti
5201 Blue Lagoon Drive, Suite 800
Miami, Florida 33126
Tel: (305) 900-6529
amontesino@montesinolaw.com


cc: Omar Arcia, Esq. (via Email to oarcia@arcialawfirm.com)

AM:cs

Enclosures:     Fla. Stat. § 607.1602
                Fla. Stat. § 772.11

2

# Enclosure "A"
# FS 607.1602

Select Year:  2022 ∨  Go

# The 2022 Florida Statutes

Title XXXVI                              Chapter 607                              View Entire Chapter
BUSINESS ORGANIZATIONS      FLORIDA BUSINESS CORPORATION ACT

**607.1602    Inspection of records by shareholders.—**

(1)   A shareholder of a corporation is entitled to inspect and copy, during regular business hours at the corporation's principal office, any of the records of the corporation described in s. 607.1601(1), excluding minutes of meetings of, and records of actions taken without a meeting by, the corporation's board of directors and any board committees of the corporation established under s. 607.0825, if the shareholder gives the corporation written notice of the shareholder's demand at least 5 business days before the date on which the shareholder wishes to inspect and copy.

(2)   A shareholder of a corporation is entitled to inspect and copy, during regular business hours at a reasonable location specified by the corporation, any of the following records of the corporation if the shareholder meets the requirements of subsection (3) and gives the corporation written notice of the shareholder's demand at least 5 business days before the date on which the shareholder wishes to inspect and copy:

(a)   Excerpts from minutes of any meeting of, or records of any actions taken without a meeting by, the corporation's board of directors and board committees of the corporation maintained in accordance with s. 607.1601(1);

(b)   The financial statements of the corporation maintained in accordance with s. 607.1601(2);

(c)   Accounting records of the corporation;

(d)   The record of shareholders maintained in accordance with s. 607.1601(4); and

(e)   Any other books and records.

(3)   A shareholder may inspect and copy the records described in subsection (2) only if:

(a)   The shareholder's demand is made in good faith and for a proper purpose;

(b)   The shareholder's demand describes with reasonable particularity the shareholder's purpose and the records the shareholder desires to inspect; and

(c)   The records are directly connected with the shareholder's purpose.

(4)   The corporation may impose reasonable restrictions on the disclosure, use, or distribution of, and reasonable obligations to maintain the confidentiality of, records described in subsection (2).

(5)   For any meeting of shareholders for which the record date for determining shareholders entitled to vote at the meeting is different than the record date for notice of the meeting, any person who becomes a shareholder subsequent to the record date for notice of the meeting and is entitled to vote at the meeting is entitled to obtain from the corporation upon request the notice and any other information provided by the corporation to shareholders in connection with the meeting, unless the corporation has made such information generally available to shareholders by posting it on its website or by other generally recognized means. Failure of a corporation to provide such information does not affect the validity of action taken at the meeting.

(6)   The right of inspection granted by this section may not be abolished or limited by a corporation's articles of incorporation or bylaws.

(7)   This section does not affect:

(a)   The right of a shareholder to inspect and copy records under s. 607.0720 or, if the shareholder is in litigation with the corporation, to the same extent as any other litigant; or

(b)   The power of a court, independently of this chapter, to compel the production of corporate records for examination and to impose reasonable restrictions as provided in s. 607.1604(3), provided that, in the case of production of records described in subsection (2) at the request of the shareholder, the shareholder has met the requirements of subsection (3).

(8)   A corporation may deny any demand for inspection made pursuant to subsection (2) if the demand was made for an improper purpose, or if the demanding shareholder has within 2 years preceding his, her, or its demand sold or offered for sale any list of shareholders of the corporation or any other corporation, has aided or abetted any person in procuring any list of shareholders for any such purpose, or has improperly used any information secured through any prior examination of the records of the corporation or any other corporation.

(9)   A shareholder may not sell or otherwise distribute any information or records inspected under this section, except to the extent that such use is for a proper purpose as defined in subsection (11).

(10)   For purposes of this section, the term "shareholder" means a record shareholder, a beneficial shareholder, or an unrestricted voting trust beneficial owner.

(11)   For purposes of this section, a "proper purpose" means a purpose reasonably related to such person's interest as a shareholder.

(12)   The rights of a shareholder to obtain records under subsections (1) and (2) shall also apply to the records of subsidiaries of the corporation.

History.—s. 151, ch. 89-154; s. 12, ch. 94-327; s. 42, ch. 97-102; s. 219, ch. 2019-90; s. 64, ch. 2020-32.

Copyright © 1995-2022 The Florida Legislature • Privacy Statement • Contact Us

# Enclosure "B"
# FS 772.11

Select Year: 2022 ⌄ Go

## The 2022 Florida Statutes

Title XLV                        Chapter 772                        View Entire Chapter
TORTS               CIVIL REMEDIES FOR CRIMINAL PRACTICES

**772.11    Civil remedy for theft or exploitation.—**

(1)    Any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of ss. 812.012-812.037 or s. 825.103(1) has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts. Before filing an action for damages under this section, the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages under this section. If the person to whom a written demand is made complies with such demand within 30 days after receipt of the demand, that person shall be given a written release from further civil liability for the specific act of theft or exploitation by the person making the written demand. Any person who has a cause of action under this section may recover the damages allowed under this section from the parents or legal guardian of any unemancipated minor who lives with his or her parents or legal guardian and who is liable for damages under this section. Punitive damages may not be awarded under this section. The defendant is entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support. In awarding attorney's fees and costs under this section, the court may not consider the ability of the opposing party to pay such fees and costs. This section does not limit any right to recover attorney's fees or costs provided under any other law.

(2)    For purposes of a cause of action arising under this section, the term "property" does not include the rights of a patient or a resident or a claim for a violation of such rights.

(3)    This section does not impose civil liability regarding the provision of health care, residential care, long-term care, or custodial care at a licensed facility or care provided by appropriately licensed personnel in any setting in which such personnel are authorized to practice.

(4)    The death of an elderly or disabled person does not cause the court to lose jurisdiction of any claim for relief for theft or exploitation when the victim of the theft or exploitation is an elderly or disabled person.

(5)    In a civil action under this section in which an elderly or disabled person is a party, the elderly or disabled person may move the court to advance the trial on the docket. The presiding judge, after consideration of the age and health of the party, may advance the trial on the docket. The motion may be filed and served with the civil complaint or at any time thereafter.

**History.—**s. 3, ch. 86-277; s. 47, ch. 88-381; s. 5, ch. 89-303; s. 1181, ch. 97-102; s. 2, ch. 2002-195; s. 8, ch. 2014-200.

Copyright © 1995-2022 The Florida Legislature • Privacy Statement • Contact Us

# MONTESINO LAW

5201 Blue Lagoon Drive, Suite 800, Miami, FL 33126
P: 305-900-6529
E: info@MontesinoLaw.com
www.MontesinoLaw.com

**Via Certified Mail 9414 8361 0426 2351 9747 95**                          January 23, 2023

Ms. Sarah Monetti
7700 NW 79th Place, Suite D1
Medley, FL 33166

Re:     Demand for Inspection Under Fla. Stat. § 607.1602, and Notice of Intent to Pursue Civil Action
Under Fla. Stat. § 772.11

Dear Ms. Monetti:

I once again write to you as counsel for Ms. Francesca Monetti in the exercise of her rights as shareholder
of M.C. Int'l. Freight Forwarders, Inc. (hereafter "Company"), and derivatively on behalf of the Company
(collectively, "Ms. Francesca Monetti").

Demand is hereby made on Ms. Francesca Monetti's behalf for inspection of company records pursuant
to Fla. Stat. § 607.1602, and to notify you of an impending lawsuit against you for civil theft. Accordingly,
this written notice is provided to you as a condition precedent to the filing of a lawsuit against you, which
will occur thirty (30) days from the date of this correspondence pursuant to Fla. Stat. § 772.11 et seq. A
copy of the statute is enclosed herewith for your review.

With respect to our demand for records under Fla. Stat. § 607.1602, we hereby demand the following
records:

- All minutes of the shareholder meeting allegedly held March 9, 2017, in the format in which said
  minutes are kept in the ordinary course of business, including all metadata.
- All records related to the shareholder meeting allegedly held March 9, 2017 including
  communications to shareholders and proxies, in the format in which said records are kept in the
  ordinary course of business, including all metadata.
- All signed appointment forms or electronic transmissions by which Francesca Monetti allegedly
  appointed Francesco Monetti as her proxy.
- Records of all actions taken without a meeting related to the subject matter of the alleged March 9,
  2017 meeting.
- All payroll records concerning Ms. Sarah Monetti from January 1, 2016 through the current date.
- Records of all payments to and contracts with YvZo Inc. from December 2, 2021 through the
  current date.

The proper purposes for which these records are demanded include, but are not limited to,
(1) investigation of potential wrongdoing, mismanagement, and breaches of fiduciary duties by the
Company in connection with shareholder meeting, payroll matters, and payments to and contracts with

YvZo Inc. described above; (2) ascertaining whether the assets of the Company are being utilized properly; and (3) ascertaining the fair value of Ms. Francesca Monetti's shareholdings in the Company.

Further, we demand that the records be made available for inspection on the sixth business day following your receipt of this letter during the hours of 9:00 am and 3:00 pm at 7700 NW 79th Place, Suite D1, Medley, FL 33166.

With respect to the impending civil theft lawsuit, you have embezzled, and the Company has been damaged by, at least, $286,225.20 as a result of payment of Company funds to YvZo Inc. Please be advised that your embezzlement of these funds constitutes civil theft under Florida law, entitling Ms. Francesca Monetti to recover both the aforesaid debt as well as attorney's fees and costs incurred in the collection of same.

Furthermore, upon a finding that you committed civil theft, as aforesaid, Ms. Francesca Monetti is entitled to treble damages, effectively increasing the value of this demand to **$858,675.60**, exclusive of attorney's fees and costs. See Fla. Stat. § 772.11 et seq.

**To avoid further legal liability, please issue a check in the amount of $286,225.20 to M.C. Int'l. Freight Forwarders, Inc. within thirty (30) days from the date of receipt of this letter.** Should you fail to remit the aforesaid payment, and provide proof of its deposit, on or before this date, we will withdraw our demand and immediately file a lawsuit against you, seeking the maximum damages available.

Thank you for your prompt attention to this matter. We look forward to your anticipated compliance.

Sincerely,

**ARMANDO MONTESINO, ESQ.**
Attorney for Ms. Francesca Monetti
5201 Blue Lagoon Drive, Suite 800
Miami, Florida 33126
Tel: (305) 900-6529
amontesino@montesinolaw.com

cc: Omar Arcia, Esq., The Arcia Law Firm, P.L. 3350 SW 148th Ave Ste 100 Miramar, FL 33027 (via Certified Mail 9414 8361 0426 2352 0271 00)

AM:cs

Enclosures:    Fla. Stat. § 607.1602
               Fla. Stat. § 772.11

2

# Enclosure "A"
# FS 607.1602

Select Year:  2022 ✔  Go

## The 2022 Florida Statutes

Title XXXVI                          Chapter 607                        View Entire Chapter
BUSINESS ORGANIZATIONS        FLORIDA BUSINESS CORPORATION ACT

**607.1602    Inspection of records by shareholders.—**

(1)   A shareholder of a corporation is entitled to inspect and copy, during regular business hours at the corporation's principal office, any of the records of the corporation described in s. 607.1601(1), excluding minutes of meetings of, and records of actions taken without a meeting by, the corporation's board of directors and any board committees of the corporation established under s. 607.0825, if the shareholder gives the corporation written notice of the shareholder's demand at least 5 business days before the date on which the shareholder wishes to inspect and copy.

(2)   A shareholder of a corporation is entitled to inspect and copy, during regular business hours at a reasonable location specified by the corporation, any of the following records of the corporation if the shareholder meets the requirements of subsection (3) and gives the corporation written notice of the shareholder's demand at least 5 business days before the date on which the shareholder wishes to inspect and copy:

(a)   Excerpts from minutes of any meeting of, or records of any actions taken without a meeting by, the corporation's board of directors and board committees of the corporation maintained in accordance with s. 607.1601(1);

(b)   The financial statements of the corporation maintained in accordance with s. 607.1601(2);

(c)   Accounting records of the corporation;

(d)   The record of shareholders maintained in accordance with s. 607.1601(4); and

(e)   Any other books and records.

(3)   A shareholder may inspect and copy the records described in subsection (2) only if:

(a)   The shareholder's demand is made in good faith and for a proper purpose;

(b)   The shareholder's demand describes with reasonable particularity the shareholder's purpose and the records the shareholder desires to inspect; and

(c)   The records are directly connected with the shareholder's purpose.

(4)   The corporation may impose reasonable restrictions on the disclosure, use, or distribution of, and reasonable obligations to maintain the confidentiality of, records described in subsection (2).

(5)   For any meeting of shareholders for which the record date for determining shareholders entitled to vote at the meeting is different than the record date for notice of the meeting, any person who becomes a shareholder subsequent to the record date for notice of the meeting and is entitled to vote at the meeting is entitled to obtain from the corporation upon request the notice and any other information provided by the corporation to shareholders in connection with the meeting, unless the corporation has made such information generally available to shareholders by posting it on its website or by other generally recognized means. Failure of a corporation to provide such information does not affect the validity of action taken at the meeting.

(6)   The right of inspection granted by this section may not be abolished or limited by a corporation's articles of incorporation or bylaws.

(7)   This section does not affect:

(a)   The right of a shareholder to inspect and copy records under s. 607.0720 or, if the shareholder is in litigation with the corporation, to the same extent as any other litigant; or

(b)    The power of a court, independently of this chapter, to compel the production of corporate records for examination and to impose reasonable restrictions as provided in s. 607.1604(3), provided that, in the case of production of records described in subsection (2) at the request of the shareholder, the shareholder has met the requirements of subsection (3).

(8)    A corporation may deny any demand for inspection made pursuant to subsection (2) if the demand was made for an improper purpose, or if the demanding shareholder has within 2 years preceding his, her, or its demand sold or offered for sale any list of shareholders of the corporation or any other corporation, has aided or abetted any person in procuring any list of shareholders for any such purpose, or has improperly used any information secured through any prior examination of the records of the corporation or any other corporation.

(9)    A shareholder may not sell or otherwise distribute any information or records inspected under this section, except to the extent that such use is for a proper purpose as defined in subsection (11).

(10)    For purposes of this section, the term "shareholder" means a record shareholder, a beneficial shareholder, or an unrestricted voting trust beneficial owner.

(11)    For purposes of this section, a "proper purpose" means a purpose reasonably related to such person's interest as a shareholder.

(12)    The rights of a shareholder to obtain records under subsections (1) and (2) shall also apply to the records of subsidiaries of the corporation.

History.—s. 151, ch. 89-154; s. 12, ch. 94-327; s. 42, ch. 97-102; s. 219, ch. 2019-90; s. 64, ch. 2020-32.

Copyright © 1995-2022 The Florida Legislature • Privacy Statement • Contact Us

# Enclosure "B"
# FS 772.11

Select Year: 2022 ⌄ Go

# The 2022 Florida Statutes

| Title XLV | Chapter 772 | View Entire Chapter |
|-----------|-------------|---------------------|
| TORTS | CIVIL REMEDIES FOR CRIMINAL PRACTICES | |

**772.11     Civil remedy for theft or exploitation.—**

(1)   Any person who proves by clear and convincing evidence that he or she has been injured in any fashion by reason of any violation of ss. 812.012-812.037 or s. 825.103(1) has a cause of action for threefold the actual damages sustained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts. Before filing an action for damages under this section, the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages under this section. If the person to whom a written demand is made complies with such demand within 30 days after receipt of the demand, that person shall be given a written release from further civil liability for the specific act of theft or exploitation by the person making the written demand. Any person who has a cause of action under this section may recover the damages allowed under this section from the parents or legal guardian of any unemancipated minor who lives with his or her parents or legal guardian and who is liable for damages under this section. Punitive damages may not be awarded under this section. The defendant is entitled to recover reasonable attorney's fees and court costs in the trial and appellate courts upon a finding that the claimant raised a claim that was without substantial fact or legal support. In awarding attorney's fees and costs under this section, the court may not consider the ability of the opposing party to pay such fees and costs. This section does not limit any right to recover attorney's fees or costs provided under any other law.

(2)   For purposes of a cause of action arising under this section, the term "property" does not include the rights of a patient or a resident or a claim for a violation of such rights.

(3)   This section does not impose civil liability regarding the provision of health care, residential care, long-term care, or custodial care at a licensed facility or care provided by appropriately licensed personnel in any setting in which such personnel are authorized to practice.

(4)   The death of an elderly or disabled person does not cause the court to lose jurisdiction of any claim for relief for theft or exploitation when the victim of the theft or exploitation is an elderly or disabled person.

(5)   In a civil action under this section in which an elderly or disabled person is a party, the elderly or disabled person may move the court to advance the trial on the docket. The presiding judge, after consideration of the age and health of the party, may advance the trial on the docket. The motion may be filed and served with the civil complaint or at any time thereafter.

**History.**—s. 3, ch. 86-277; s. 47, ch. 88-381; s. 5, ch. 89-303; s. 1181, ch. 97-102; s. 2, ch. 2002-195; s. 8, ch. 2014-200.

Copyright © 1995-2022 The Florida Legislature • Privacy Statement • Contact Us