**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

FRANCESCA MONETTI,                                          CASE NO.:    1:23-cv-21789-JEM
derivatively on behalf of
M.C. INT'L. FREIGHT FORWARDERS, INC.,
   Plaintiff,

vs.

SARAH MONETTI,
YVETTE ZORRILLA, and
YVZO, INC.,
   Defendants,

M.C. INT'L. FREIGHT FORWARDERS, INC.,
   Nominal Defendant.
_____/

## JOINT PRETRIAL STIPULATION

Plaintiff, Francesca Monetti, derivatively on behalf of M.C. Int'l. Freight Forwarders, Inc. ("Plaintiff"), and Defendants, Sarah Monetti, Yvette Zorrilla, and YvZo, Inc. (collectively, "Defendants"), by and through their respective undersigned counsel, and pursuant to Local Rule 16.1(e) and this Court's Order Setting Civil Trial Date and Pretrial Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate Judge (ECF No. 16), as subsequently amended and extended, hereby file this Joint Pretrial Stipulation.

**I.   A SHORT CONCISE STATEMENT OF THE CASE BY EACH PARTY IN THE ACTION**

    **A.   Plaintiff's Statement of the Case**

The Complaint pleads causes of action under the Racketeer Influenced and Corrupt Organizations (RICO) Act, 18 U.S.C. § 1964(c) (Counts I–IV); the Civil Remedies for Criminal Practices Act, Section 772.104, Florida Statutes (2022) (Counts VIII–XI); for civil theft under Section 772.11, Florida Statutes (2022) (Counts V–VII); for breach of fiduciary duty (Count XII) and the aiding and abetting thereof (Count XIII); and for civil conspiracy (Count XIV).

MCIFF is a freight forwarder equally co-owned by Plaintiff and Defendant Sarah Monetti, who are daughters of its founder, Francesco Monetti. (Compl. ¶¶ 12–14, ECF No. 1). Within a year of taking her stake in MCIFF in 2017, Defendant Sarah Monetti began to carry out a variety of schemes to embezzle funds from MCIFF to her own benefit. (Compl. ¶¶ 14–15, 22–48). Specifically, beginning no later than March 31, 2017, and continuing through the present, Defendant Sarah Monetti unilaterally increased her own salary without obtaining the required authorization of Francesca Monetti. (Compl. ¶¶ 38–48). As if this was not enough, Defendant Sarah Monetti began to find other channels to divert funds out of MCIFF's hands. In one scheme, Defendant Sarah Monetti used her coconspirator Yvette Zorrilla to carry out payroll fraud. (Compl. ¶¶ 30–37). Additionally, beginning in or about March 2018, Defendant Sarah Monetti conspired with Yvette Zorrilla to form a shell corporation—YvZo—as a front to embezzle MCIFF funds through overpriced equipment rentals, having used a substantial fraudulent prepayment to establish YvZo and acquire equipment to rent back to MCIFF to obtain more money. (Compl. ¶¶ 22–29).

    **B.**    **Defendants' Statements of the Case**

        1.  *Sarah Monetti's Statement of the Case*

Defendant Sarah Monetti denies Plaintiff's claims and contends that all actions taken with respect to MCIFF were done in good faith and for the benefit of the company. On March 9, 2017, Sarah Monetti and Francesco Monetti (acting as proxy for Plaintiff) resolved that Plaintiff would "not actively participate in the Corporation until further notice." Therefore, Sarah Monetti did not need Plaintiff's authorization to manage the affairs of MCIFF, including her compensation. Unlike Sarah Monetti, Plaintiff has provided no benefit to MCIFF since becoming a shareholder despite demanding substantial payments from the company. On January 13, 2023, Monetti sent a letter to Plaintiff notifying her that MCIFF would cease all salary payments to her since the Stockholder's

Agreement required Plaintiff to be "working for the Company," and she failed to do so. Contrary to Plaintiff's allegations, Defendants committed no illegal act either individually or collectively.

2. *Yvette Zorrilla and YvZo, Inc.'s Statement of the Case*

Defendants Yvette Zorrilla and YVZO, Inc. deny all allegations of wrongdoing. They maintain that all actions taken by Zorrilla and YVZO were in compliance with the terms of lawful, binding arms-length contracts. Defendants provided legitimate services to MCIFF under agreed terms, and no breach of fiduciary duty or misappropriation of funds or other wrongdoing occurred.

## II. THE BASIS OF FEDERAL JURISDICTION

This action arises under the provisions of 18 U.S.C. § 1962, under Florida statutes, and under the common law. This Court has jurisdiction of this action pursuant to the provisions of 28 U.S.C. § 1331, and supplemental jurisdiction of the state law claims pursuant to 28 U.S.C. § 1367.

All incidents material to this action occurred in Miami-Dade County, Florida; Defendant YvZo has its principal place of business in Miami-Dade County, Florida; Nominal Defendant MCIFF has its principal place of business in Miami-Dade County, Florida; and Defendants Sarah Monetti and Zorrilla reside in the State of Florida. Under 28 U.S.C. § 1391(b)(2), venue lies in the United States District Court for the Southern District of Florida, Miami Division, because it is the judicial district and division in which a substantial part of the acts or omissions giving rise to the claims occurred. Under 28 U.S.C. § 1391(b)(1), venue lies in the United States District Court for the Southern District of Florida, Miami Division, because it is the judicial district and division in which a Defendant resides, and all Defendants reside in the State of Florida.

With respect to the supplemental claims brought pursuant to Section 772.11, Florida Statutes (2022), Plaintiff timely served the required civil theft demand letters upon Defendants no later than March 15, 2023, and has provided Defendants the required amount of time to resolve the claim.

### III. THE PLEADINGS RAISING THE ISSUES

    A. Plaintiff's Complaint (D.E. 1)

    B. Defendant Zorilla and YVZO, Inc.'s Answer and Affirmative Defenses to Plaintiff's Complaint (D.E. 40)

    C. Defendant Sarah Monetti's Answer and Defenses to Plaintiff Verified Complaint (D.E. 41)

### IV. A LIST OF ALL UNDISPOSED OF MOTIONS OR OTHER MATTERS REQUIRING ACTION BY THE COURT

    A. None.

### V. A CONCISE STATEMENT OF UNCONTESTED FACTS WHICH WILL REQUIRE NO PROOF AT TRIAL, WITH RESERVATIONS, IF ANY

    A. On or about January 1, 2016, Mr. Monetti transferred his ownership interest in MCIFF to his daughters, Francesca Monetti and Sarah Monetti, who each presently hold 50% of the shares of MCIFF.

    B. Sarah Monetti runs and has run the day-to-day operations of MCIFF for many years.

    C. Sarah Monetti is the President and CEO of MCIFF as well as a co-equal shareholder of MCIFF.

    D. There exists a Stockholders' Agreement ("Stockholders' Agreement"), with an effective date of January 1, 2016, which was signed by Sarah Monetti (individually), Sarah Monetti (as President of MCIFF), and Francesca Monetti (individually).

    E. Section 5.6. of the Stockholders' Agreement governs how economic benefits of MCIFF should be distributed between Sarah Monetti and Francesca Monetti.

F. Section 5.6. of the Stockholders' Agreement reads as follows:

It is the intent of the Shareholders that the economic benefits derived from the Company shall be shared equally between, and all dividends shall be made only on a pro-rata basis. Each Shareholder shall have the opportunity to work for and to receive compensation from the Company. To the extent that either Shareholder receives (assuming prior approval of the other Shareholder) any form of other compensation or remuneration from the Company that is not considered a dividend with respect to her shares of Stock (such as W-2, 1099, or similar form of compensation) the other Shareholder shall be entitled to an equal amount of such compensation or remuneration from the Company so long as both Shareholders are working for the Company. If either Shareholder quits and is no longer for the Corporation, the right to receive equal compensation for work shall be forfeited, but the remaining Shareholder may not thereafter increase her own compensation without the consent of the other Shareholder, or take any other actions in violations of this Article V.

G. Section 5.9. of the Stockholders' Agreement names Francesca Monetti's father as a proxy for her if certain conditions are met.

H. Section 5.9. of the Stockholders' Agreement reads as follows:

With respect to any decision, vote or consent to be made by F. Monetti [Francesca Monetti], whether as a shareholder or director of the Company under this Agreement or otherwise, F. Monetti hereby grants a revocable proxy and power of attorney to her father, Francesco Monetti, to stand in her place and make such decision, cast such vote or grant such consent, as applicable, on her behalf, if for any reason F. Monetti is unable to attend any meeting of the Directors or does not timely respond to any request to make a decision or to grant a consent with respect to any matter arising under this Agreement or in front of the Shareholders or Board of Directors generally. The decision, vote or consent of Francesco Monetti on behalf of F. Monetti hereunder will be fully binding on F. Monetti to the maximum extent of the law, and the proxy and power of attorney granted hereunder shall continue and be durable for all purposes, unless and until F. Monetti provides written notice to the Company, S. Monetti and Francesco Monetti that the authority herein granted by proxy and power of attorney has been revoked.

I. Plaintiff has not revoked the proxy and power of attorney she granted to Francesco Monetti in the Stockholder's Agreement.

J. In June 2018, Yvette Zorrilla formed a corporation called YvZo Inc.

K. The address listed for YvZo is 2409 Centergate Dr., Unit 204, Miramar, FL 33025.

L. The above-described real property is owned by Defendant Sarah Monetti, and is subject to a homestead exemption, indicating that said property is Sarah Monetti's primary residential address.

M. Yvette Zorrilla also resides at 2409 Centergate Dr., Unit 204, Miramar, FL 33025.

N. Yvette Zorrilla pays some bills related to 2409 Centergate Dr., Unit 204, Miramar, FL 33025.

O. Through Invoice 2181, dated April 3, 2018, Yvette Zorilla purchased warehouse racks from "Warehouse Wizard" for a total price of $18,228.25.

P. The warehouse racks purchased by Yvette Zorrilla from Warehouse Wizards, through Invoice 2181, for a total price of $18,228.25, were paid for using check 139 drawn on the account of Yvette Zorilla.

Q. Through Invoice 4561, dated November 9, 2018, YVZO purchased Toyota Forklift, Serial Number 19477, from Montero Forklift Inc for a total price of $8,500.00.

R. Through Invoice 4564, dated November 13, 2018, YVZO purchased Toyota Forklift, Serial Number 82480, from Montero Forklift Inc for a total price of $8,000.00.

S. Through Invoice 4631, dated January 8, 2019, YVZO purchased Toyota Forklift, Serial Number 19403, from Montero Forklift Inc for a total price of $10,800.00.

T. Through Invoice 4678, dated February 1, 2019, YVZO purchased Toyota Forklift, Serial Number 18009, from Montero Forklift Inc for a total price of $10,600.00.

U. The forklifts sold to YVZO by Montero Forklift via invoices 4561, 4564, 4631, and 4678 were paid for using checks 140, 141, and 142 drawn on the account of Yvette Zorilla.

V. Beginning in or about June 2018, the same month that YvZo was formed, MCIFF began to pay YvZo funds for warehouse equipment rentals.

W. As of December 3, 2021, MCIFF had paid YvZo $310,942.20 for warehouse equipment rentals which was invoiced, paid, and applied as follows:

| Invoice Date | Paid Date | Paid/Unpaid | Invoice Number | Applicable Rental Period | Warehouse Racks | Forklift 19477 | Forklift 82480 | Forklift 19403 | Forklift 18009 | Total | Total With Sales Tax |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 6/26/2018 | 6/28/2018 | Paid | 2018061 | March-May 2018 | 11,700.00 | | | | | 11,700.00 | 12,495.60 |
| 6/28/2018 | 6/28/2018 | Paid | 2018062 | June-Aug 2018 | 11,700.00 | | | | | 11,700.00 | 12,495.60 |
| 6/28/2018 | 6/29/2018 | Paid | 2018063 | Sep 2018-Nov 2018 | 11,700.00 | | | | | 11,700.00 | 12,495.60 |
| 6/28/2018 | 6/29/2018 | Paid | 2018064 | September 2018-February 2019 | 11,700.00 | | | | | 11,700.00 | 12,495.60 |
| 11/1/2018 | 11/30/2018 | Paid | 2018065 | Dec 2018-Feb 2019 | | 2,400.00 | 2,400.00 | | | 4,800.00 | 5,126.40 |
| 1/1/2019 | 1/17/2019 | Paid | 2018066 | Jan-Feb 2019 | | | | 1,200.00 | | 1,200.00 | 1,280.40 |
| 3/1/2019 | 4/26/2019 | Paid | 2018067 | Feb 2019-Feb 2020 | | | | | 7,800.00 | 7,800.00 | 31,458.00 |
| 3/1/2019 | 4/26/2019 | Paid | 2018067 | Mar 2019-Feb 2020 | | 7,200.00 | 7,200.00 | 7,200.00 | | 21,600.00 | 31,458.00 |
| 3/1/2019 | 6/27/2019 | Paid | 2018068 | Mar 2019-Feb 2020 | 46,800.00 | | | | | 46,800.00 | 50,076.00 |
| 3/1/2020 | 3/1/2020 | Skipped Invoice | 2018069 | | | | | | | - | |
| 3/1/2020 | 3/1/2020 | Unpaid | 2018070 | Mar 2020 | 3,900.00 | | | | | 3,900.00 | |
| 3/1/2020 | 3/1/2020 | Unpaid | 2018071 | Mar 2020 | | 600.00 | 600.00 | 600.00 | 600.00 | 2,400.00 | |
| 4/1/2020 | 7/7/2020 | Paid | 2018072 | Apr 2020 | 3,900.00 | | | | | 3,900.00 | 4,173.00 |
| 4/1/2020 | 7/7/2020 | Paid | 2018073 | Apr 2020 | | 600.00 | 600.00 | 600.00 | 600.00 | 2,400.00 | 2,568.00 |
| 5/1/2020 | 7/7/2020 | Paid | 2018074 | May 2020 | 3,900.00 | | | | | 3,900.00 | 4,173.00 |
| 5/1/2020 | 7/7/2020 | Paid | 2018075 | May 2020 | | 600.00 | 600.00 | 600.00 | 600.00 | 2,400.00 | 2,568.00 |
| 6/1/2020 | 7/7/2020 | Paid | 2018076 | Jun 2020 | 3,900.00 | | | | | 3,900.00 | 4,173.00 |
| 6/1/2020 | 7/7/2020 | Paid | 2018077 | Jun 2020 | | 600.00 | 600.00 | 600.00 | 600.00 | 2,400.00 | 2,568.00 |
| 7/1/2020 | 7/31/2020 | Paid | 2018078 | Jul 2020 | 3,900.00 | | | | | 3,900.00 | 4,173.00 |
| 7/1/2020 | 7/31/2020 | Paid | 2018079 | Jul 2020 | | 600.00 | 600.00 | 600.00 | 600.00 | 2,400.00 | 2,568.00 |
| 8/1/2020 | 8/1/2020 | Paid | 2018080 | Aug 2020 | 3,900.00 | | | | | 3,900.00 | 4,173.00 |
| 8/1/2020 | 8/1/2020 | Paid | 2018081 | Aug 2020 | | 600.00 | 600.00 | 600.00 | 600.00 | 2,400.00 | 2,568.00 |
| 9/1/2020 | 9/3/2020 | Paid | 2018082 | Sep 2020 | 3,900.00 | | | | | 3,900.00 | 4,173.00 |
| 9/1/2020 | 9/3/2020 | Paid | 2018083 | Sep 2020 | | 600.00 | 600.00 | 600.00 | 600.00 | 2,400.00 | 2,568.00 |
| 10/1/2020 | 10/29/2020 | Paid | 2018084 | Oct 2020 | 3,900.00 | | | | | 3,900.00 | 4,173.00 |
| 10/1/2020 | 10/29/2020 | Paid | 2018085 | Oct 2020 | | 600.00 | 600.00 | 600.00 | 600.00 | 2,400.00 | 2,568.00 |
| 11/1/2020 | 11/4/2020 | Paid | 2018086 | Nov 2020 | 3,900.00 | | | | | 3,900.00 | 4,173.00 |
| 11/1/2020 | 11/4/2020 | Paid | 2018087 | Nov 2020 | | 600.00 | 600.00 | 600.00 | 600.00 | 2,400.00 | 2,568.00 |
| 12/1/2020 | 12/10/2020 | Paid | 2018088 | Dec 2020 | 3,900.00 | | | | | 3,900.00 | 4,173.00 |
| 12/1/2020 | 12/10/2020 | Paid | 2018089 | Dec 2020 | | 600.00 | 600.00 | 600.00 | 600.00 | 2,400.00 | 2,568.00 |
| 1/1/2021 | 1/5/2021 | Paid | 2018090 | Jan 2021 | 3,900.00 | | | | | 3,900.00 | 4,173.00 |
| 1/1/2021 | 1/5/2021 | Paid | 2018091 | Jan 2021 | | 600.00 | 600.00 | 600.00 | 600.00 | 2,400.00 | 2,568.00 |
| 2/1/2021 | 2/3/2021 | Paid | 2018092 | Feb 2021 | 3,900.00 | | | | | 3,900.00 | 4,173.00 |
| 2/1/2021 | 2/3/2021 | Paid | 2018093 | Feb 2021 | | 600.00 | 600.00 | 600.00 | 600.00 | 2,400.00 | 2,568.00 |
| 3/1/2021 | 3/3/2021 | Paid | 2018094 | Mar 2021 | 3,900.00 | | | | | 3,900.00 | 4,173.00 |
| 3/1/2021 | 3/3/2021 | Paid | 2018095 | Mar 2021 | | 600.00 | 600.00 | 600.00 | 600.00 | 2,400.00 | 2,568.00 |
| 4/1/2021 | 4/5/2021 | Paid | 2018096 | Apr 2021 | 3,900.00 | | | | | 3,900.00 | 4,173.00 |
| 4/1/2021 | 4/5/2021 | Paid | 2018097 | Apr 2021 | | 600.00 | 600.00 | 600.00 | 600.00 | 2,400.00 | 2,568.00 |
| 5/1/2021 | 5/4/2021 | Paid | 2018098 | May 2021 | 3,900.00 | | | | | 3,900.00 | 4,173.00 |
| 5/1/2021 | 5/4/2021 | Paid | 2018099 | May 2021 | | 600.00 | 600.00 | 600.00 | 600.00 | 2,400.00 | 2,568.00 |
| 6/1/2021 | 6/3/2021 | Paid | 2018100 | Jun 2021 | 3,900.00 | | | | | 3,900.00 | 4,173.00 |
| 6/1/2021 | 6/3/2021 | Paid | 2018101 | Jun 2021 | | 600.00 | 600.00 | 600.00 | 600.00 | 2,400.00 | 2,568.00 |
| 7/1/2021 | 6/30/2021 | Paid | 2018102 | Jul 2021 | 3,900.00 | | | | | 3,900.00 | 4,173.00 |
| 7/1/2021 | 6/30/2021 | Paid | 2018103 | Jul 2021 | | 600.00 | 600.00 | 600.00 | 600.00 | 2,400.00 | 2,568.00 |
| 8/1/2021 | 6/30/2021 | Paid | 2018104 | Aug 2021 | 3,900.00 | | | | | 3,900.00 | 4,173.00 |
| 8/1/2021 | 6/30/2021 | Paid | 2018105 | Aug 2021 | | 600.00 | 600.00 | 600.00 | 600.00 | 2,400.00 | 2,568.00 |
| 9/1/2021 | 9/2/2021 | Paid | 2018106 | Sep 2021 | 3,900.00 | | | | | 3,900.00 | 4,173.00 |
| 9/1/2021 | 9/2/2021 | Paid | 2018107 | Sep 2021 | | 600.00 | 600.00 | 600.00 | 600.00 | 2,400.00 | 2,568.00 |
| 10/1/2021 | 10/8/2021 | Paid | 2018108 | Oct 2021 | 3,900.00 | | | | | 3,900.00 | 4,173.00 |
| 10/1/2021 | 10/8/2021 | Paid | 2018109 | Oct 2021 | | 600.00 | 600.00 | 600.00 | 600.00 | 2,400.00 | 2,568.00 |
| 11/1/2021 | 11/2/2021 | Paid | 2018110 | Nov 2021 | 3,900.00 | | | | | 3,900.00 | 4,173.00 |
| 11/1/2021 | 11/2/2021 | Paid | 2018111 | Nov 2021 | | 600.00 | 600.00 | 600.00 | 600.00 | 2,400.00 | 2,568.00 |
| 12/1/2021 | 12/3/2021 | Paid | 2018112 | Dec 2021 | 3,900.00 | | | | | 3,900.00 | 4,173.00 |
| 12/1/2021 | 12/3/2021 | Paid | 2018113 | Dec 2021 | | 600.00 | 600.00 | 600.00 | 600.00 | 2,400.00 | 2,568.00 |

X. At all times relevant to this Complaint, Zorrilla has had and has maintained full-time employment with Seaboard Marine LTD.

Y. By letter dated January 13, 2023 ("Cease of "Salary" compensation as per Stockholder's Agreement"), Sarah Monetti, as President of MCIFF, informed Francesca Monetti that "all

further payments to you by the Company categorized as "Salary" will cease given that you have failed to perform any work for the Company."

Z. Sarah Monetti increased her Salary in 2017, 2020, 2021, and 2022.

VI. **A STATEMENT IN REASONABLE DETAIL OF ISSUES OF FACT WHICH REMAIN TO BE LITIGATED AT TRIAL**

A. Whether Francesca Monetti attempted to work at MCIFF in accordance with the shareholder agreement.

B. Whether Francesca Monetti was prevented from working at MCIFF in accordance with the shareholder agreement by Sarah Monetti.

C. Whether the alleged March 9, 2017, Shareholder Meeting actually took place.

D. As to the alleged RICO violations, whether there was a pattern of racketeering activity.

E. As to the alleged RICO violations, whether an enterprise existed.

F. As to the alleged RICO violations, whether the alleged enterprise engaged in, or had some effect on, interstate or foreign commerce.

G. As to the alleged civil theft, whether the funds sought are specifically identifiable funds.

H. As to the alleged breach of fiduciary duty, whether Sarah Monetti acted in good faith.

I. As to the alleged damages, the precise nature and extent of damages claimed.

J. Whether Zorrilla performed actual services as part of her employment with MCIFF.

K. Whether YVZO or Zorrilla had knowledge of wrongdoing by any other party, if any.

VII. **A CONCISE STATEMENT OF ISSUES OF LAW ON WHICH THERE IS AGREEMENT**

A. Violation of Racketeer Influenced and Corrupt Organizations Act. 18 U.S.C. § 1962(a)–(c).

To recover under § 1962(a), Plaintiff must prove (1) use or investment of (2) income derived (3) from a pattern, (4) of racketeering activity (known as "predicate acts"), (5) causing injury to the plaintiff's "business or property" by the conduct constituting the violation, (6) in an enterprise.

To recover under § 1962(b), Plaintiff must prove (1) acquisition or maintenance (2) of any interest in or control of (3) an enterprise (4) through a pattern (5) of racketeering activity (known as "predicate acts"), (6) causing injury to the plaintiff's "business or property" by the conduct constituting the violation.

To recover under § 1962(c), Plaintiff must prove (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as "predicate acts"), (5) causing injury to the plaintiff's "business or property" by the conduct constituting the violation.

    B.  <u>Violation of Racketeer Influenced and Corrupt Organizations Act. 18 U.S.C. § 1962(d).</u>

To recover under § 1962(d), Plaintiff must prove each of the following three facts by a preponderance of the evidence: First, the court must find that two or more people agreed to try to accomplish an unlawful plan to engage in a pattern of racketeering activity. Second, the court must find that a defendant agreed to the overall objective of the conspiracy. Or, as an alternative to the second element, the court must find that a defendant agreed with at least one other defendant to commit two predicate acts as part of the conspiracy. The Plaintiff may show an "agreement to the overall objective of the conspiracy" by circumstantial evidence that a defendant must have known that others were also conspiring to participate in the same enterprise through a pattern of racketeering activity. If Plaintiff proves agreement on an overall objective, then it is not necessary that a defendant agree to personally commit two predicate acts. A defendant can also engage in a RICO conspiracy even if that defendant did not agree to the conspiracy's overall objective. It is

sufficient that said defendant engaged in a part of the conspiracy with at least one other defendant by committing at least two predicate acts – alone or with someone else.

    C. <u>Civil Theft in violation of Florida Civil Remedies for Criminal Practices Act. § 772.11, Fla. Stat. (2022).</u>

To recover under Section 772.11, Florida Statutes, the Plaintiff must prove by clear and convincing evidence that the defendant (1) unlawfully (2) obtained or used (3) property of MCIFF (4) with criminal intent, that is, with the intent either to temporarily or permanently deprive MCIFF of a right to the property or to a benefit from the property, and (5) defendant's actions were a legal cause of injury to MCIFF. *See* Fla. Std. Jury Instr. (Civ.) §§ 411.2, 411.5.

    D. <u>Violation of Florida Civil Remedies for Criminal Practices Act. § 772.103(1)–(3), Fla. Stat. (2022).</u>

To recover under Section 772.103(1), Florida Statutes, the Plaintiff must prove by clear and convincing evidence (1) use or investment of (2) proceeds derived (3) from a pattern (4) of criminal activity (known as "predicate acts"), (5) causing injury to the plaintiff's "business or property" by the conduct constituting the violation, (6) in real property or an enterprise.

To recover under Section 772.103(2), Florida Statutes, the Plaintiff must prove by clear and convincing evidence (1) acquisition or maintenance (2) of any interest in or control of (3) an enterprise (4) through a pattern (5) of criminal activity (known as "predicate acts"), (6) causing injury to the plaintiff's "business or property" by the conduct constituting the violation.

To recover under Section 772.103(3), Florida Statutes, the Plaintiff must prove by clear and convincing evidence (1) conduct of or participation in (2) an enterprise (3) through a pattern (4) of criminal activity (known as "predicate acts"), (5) causing injury to the plaintiff's "business or property" by the conduct constituting the violation.

    E.  <u>Violation of Florida Civil Remedies for Criminal Practices Act. § 772.103(4), Fla. Stat.</u>

To recover under Section 772.103(4), Florida Statutes, the Plaintiff must prove by clear and convincing evidence that Defendants conspired or endeavored to violate any provision of Section 772.103(1), 772.103(2), or 772.103(3), Florida Statutes.

    F.  <u>Breach of Fiduciary Duty.</u>

To recover for breach of fiduciary duty, Plaintiff must prove (1) the existence of a fiduciary relationship between the parties, (2) that Sarah Monetti breached a fiduciary duty to hold the interests of that of MCIFF, and (3) that MCIFF suffered damages as a direct and proximate cause of Sarah Monetti's breach of fiduciary duty.

    G.  <u>Aiding and Abetting Breach of Fiduciary Duty.</u>

To recover for aiding and abetting a breach of fiduciary duty, Plaintiff must prove (1) a fiduciary duty on the part of the primary wrongdoer (Sarah Monetti), (2) a breach of that fiduciary duty, (3) knowledge of that breach by the alleged aider and abettor, and (4) the aider and abettor's substantial assistance or encouragement of the wrongdoing.

    H.  <u>Civil Conspiracy.</u>

To recover for a civil conspiracy, Plaintiff must prove (1) an agreement between two or more persons, (2) to participate in an unlawful act or a lawful act in an unlawful manner, (3) an injury caused by an unlawful overt act performed by one of the parties to the agreement, and (4) which overt act was done pursuant to and in furtherance of the common scheme.

## VIII. A CONCISE STATEMENT OF ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT

    A. Whether the conditions for Francesco Monetti serving as proxy of Francesca Monetti at the alleged March 9, 2017 Shareholder Meeting were complied with.
    B. Whether the facts presented by Plaintiff in support of her RICO claims support the element of continuity due to their failure to meet the substantial period of time requirement.

  C. Whether the acts alleged by Plaintiff satisfy the definition of predicate acts of racketeering activity as defined in 18 USC 1961(5).
  D. Whether Plaintiff is required to prove that Defendants "invested income from a pattern of racketeering activity to acquire an interest in, establish, or operate an enterprise"
  E. Whether the tort claims alleged by Plaintiff fail due to the doctrine of tort independence due to the existing contractual agreements between MCIFF and Zorrilla and MCIFF and YVZO.

IX. **EACH PARTY'S NUMBERED LIST OF TRIAL EXHIBITS**

  Plaintiff's list is annexed hereto as Exhibit A.

  Sarah Monetti's List is annexed hereto as Exhibit B.

  Yvette Zorrilla and YvZo, Inc.'s list is annexed hereto as Exhibit C.

X. **YVETTE ZORRILLA AND YVZO'S LIST IS ANNEXED HERETO AS EXHIBIT C.EACH PARTY'S NUMBERED LIST OF TRIAL WITNESSES**

  Plaintiff's list is annexed hereto as Exhibit D.

  Sarah Monetti's list is annexed hereto as Exhibit E.

  Yvette Zorrilla and YvZo, Inc.'s list is annexed hereto as Exhibit F.

XI. **ESTIMATED TRIAL TIME**

The parties anticipate a trial will last 5–7 days.

XII. **ATTORNEYS FEES**

  Plaintiff states that Plaintiff seeks an award of attorney's fees pursuant to l8 U.S.C. §1964, Florida's Civil Theft Statute, Florida's Business Corporation Act, and the Shareholder Agreement. At the present time, the amount of fees has not been quantified and Plaintiff continues to incur fees as the case progresses.

  Defendant Sarah Monetti may be entitled to attorneys' fees as the prevailing party against Plaintiff under Fla. Stat. §§ 772.104(3), 772.11(1), and the Stockholder's Agreement.

  Defendants Yvette Zorrilla and YVZO may be entitled to attorneys' fees as the prevailing party against Plaintiff under Fla. Stat. §§ 772.104(3), 772.11(1).

Dated: December 11, 2024

Respectfully submitted,

| **Montesino Law** | **Xander Law Group, P.A.** | **Ayala Law, P.A.** |
|---|---|---|
| *Attorneys for Plaintiff* | 1 N.E. 2nd Ave., Ste. 200 | 2490 Coral Way, Ste. 401 |
| 5201 Blue Lagoon Drive | Miami, FL 33132 | Miami, FL 33145 |
| Suite 800 | Tel: (305) 767-2001 | Tel: (305) 570-2208 |
| Miami, FL 33126 | Fax: (855) 926-3370 | Fax: (305) 503-7206 |
| Telephone: (305) 900-6529 | Attorneys for Yvette Zorrilla and YvZo, Inc. | Attorneys for Sarah Monetti |
| By: /s/ Armando Montesino | By: /s/ Jose Teurbe-Tolon | By: /s/ Eduardo A. Marua |
| Florida Bar No.: 100771 | Florida Bar No.: 87791 | Florida Bar No.: 91303 |
| AMontesino@MontesinoLaw.com | jose@xanderlaw.com | eduardo@ayalalawpa.com |
| Christian Paul Struven IV | service@xanderlaw.com | Luis F. Quesada |
| Florida Bar No. 1055402 | | lquesada@ayalalawpa.com |
| CStruven@MontesinoLaw.com | | Ryan M. Sawal |
| | | rsawal@ayalalawpa.com |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on December 11, 2024, the foregoing was served via CM/ECF on all parties of record.

By: /s/ Armando Montesino
Florida Bar No.: 100771
AMontesino@MontesinoLaw.com

## NOTICE OF ENDORSEMENT

Pursuant to CM/ECF Administrative Procedure 3J(3), the undersigned hereby certifies that counsel for Defendants have authorized me to file this joint motion on their behalf with their electronic signatures affixed hereto.

By: /s/ Armando Montesino
Florida Bar No.: 100771
AMontesino@MontesinoLaw.com

## SERVICE LIST

Jose Teurbe-Tolon
jose@xanderlaw.com
service@xanderlaw.com
Xander Law Group, P.A.
1 N.E. 2nd Ave., Ste. 200
Miami, FL 33132
Tel:   (305) 767-2001
Fax:  (855) 926-3370
Attorneys for Defendants, Yvette Zorrila and YvZo, Inc.

Eduardo Ayala Maura
Luis F. Quesada
Ryan M. Sawal
eduardo@ayalalawpa.com
lquesada@ayalalawpa.com
rsawal@ayalalawpa.com
Ayala Law, P.A.
2490 Coral Way, Ste. 401
Miami, FL 33145
Tel:   (305) 570-2208
Fax:  (305) 503-7206
Attorneys for Defendant, Sarah Monetti